MERLIN CLARK *v.* THE ESTATE OF JACOB W. CONROE.

*Deed. Covenant. Water. Warranty. Seizin. Spring of Water.*

A description of premises in a deed sufficiently broad to include everything within the meaning of the word *land,* would include a spring of water thereon.

The words "a natural spring of water," import that the water of the spring was a part of the land, and susceptible of absolute ownership.

The defendant conveyed to the plaintiff a piece of land by deed with covenants of seizin and warranty, said land having thereon a spring of water. Prior to this conveyance the defendant had conveyed to S. the right to the water of the spring and of drawing it away by aqueduct to his own premises adjoining. *Held,* that the deed to S. conveyed to him a title in the land, and that the title and actual possession of S. in the spring was a breach of the defendant's covenants of seizin and warranty in his deed to the plaintiff.

Where at the time of the conveyance the grantee finds the premises in possession of one claiming under paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken without any other act on the part of either the grantee or the claimant.

APPEAL from the decision of commissioners on the estate of Jacob W. Conroe deceased.    Declaration filed by the plaintiff in covenant.

The plaintiff set forth in his declaration that Jacob W. Conroe, as administrator of the estate of John G. Eels, of Middlebury, on the 1st day of March, A. D. 1860, conveyed to the plaintiff for a valid consideration certain described premises by deed of warranty.    *Habendum* " to have and to hold said parcel of land with all the privileges and appurtenances thereto belonging to the said Merlin Clark, his heirs and assigns forever, and to his and their own use.    Said deed contained full covenants of seizin and of authority in the defendant to convey, and of warranty and defence against all persons claiming by, from or under the defendant or Eels.    And the plaintiff averred that at the time of the execution of said deed and covenant by Conroe, there was situated upon said granted premises, and within the limits thereof, as expressed in said deed, a certain valuable natural spring of water, essential to the use and occupation of said premises, and largely increasing the value thereof, and which, as Conroe well knew, was a great inducement to the purchase thereof by the plaintiff, and said spring formed a part of said premises and of the privileges, and appurtenances thereof.    And the plaintiff averred that before the execution of the last mentioned deed, and in the life time of John G. Eels, to wit: on the 16th day of April, 1858, said Eels, and one Isaac L. Eels, had, by their deed of that date, in all respects, duly executed, acknowledged and recorded, they being at that time the owners of said premises, conveyed to one Daniel Sullivan, his heirs and assigns, the right of taking and draining away the water of said spring, by means of aqueduct logs across and from said premises, to certain other adjoining lands, conveyed by the said John G. and Isaac L., by the said deed, to said Sullivan; and that since the conveyance to the plaintiff, Sullivan has claimed and exercised under his deed, the right to draw off and carry away the water of the spring, and to deprive the plaintiff of all use thereof, and the plaintiff has been deprived of all use thereof, &c.

The defendant filed a general demurrer to the declaration.    At the December Term, 1865, PIERPOINT, Ch. J., presiding, the court ad-

Clark *v.* Estate of Conroe.

judged the declaration sufficient and rendered judgment for the plaintiff. Exceptions by the defendant.

*Stewart & Foot*, for the defendant.

*First.* The defendant contends that there has been no breach of the covenant of seizin in the deed declared on. By the very terms of the breach, as assigned in the plaintiff's declaration, Sullivan's right in the premises was a mere easement. The declaration does not allege that Sullivan acquired by his deed any freehold title, but merely the right to draw water from the spring. And the authorities are full that the existence of such an easement, as the plaintiff describes, does not constitute a breach of the covenant of seizin. Rawle on Covenants, pp. 51 and 113 ; 2 Washburn on Real Property, pp. 79 and 704 ; 1 Hilliard on Real Property, pp. 51 and 161 ; Washburn on Easements, pp. 2, 6, 7, 8, 10, 11, 28 and 158 ; 3 Kent's Comm., pp. 436 and 442 ; *Ginn* v. *Hancock*, 31 Maine, 46 ; *Stetson* v. *Veazie*, 11 Maine, 408 ; *Whitbeck* v. *Cook*, 15 Johns. 483 ; *Butler* v. *Gale*, 27 Vt. 739 ; *Arbuckle* v. *Ward*, 29 Vt. 44 ; *Ballard* v. *Butler*, 30 Maine, 94 ; *Trask* v. *Ford et al.*, 39 Maine, 437 ; *Manning* v. *Wasdale*, 31 E. C. L. 758 ; *Dobbin* v. *Brown*, 12 Penn. 75.

*Second.* The covenant of warranty did not extend to the water in the spring. This covenant embraces only lands and tenements and such hereditaments as include lands and tenements. It is a *real* covenant, which runs with the land, and is inseparably united to the subject conveyed. It follows necessarily that an incorporeal hereditament, which is not a tenement, can have no real covenant running with it. Co. Litt. 365 a ; 1 Inst. 365 a ; *Wheelock* v. *Thayer*, 16 Pick. 69.

Water is not land, it does not possess any of the attributes of land. 2 Bla. Comm., pp. 9, 10, 11, 12, 317 ; Hilliard on Torts, p. 104 ; *Mitchell* v. *Warner*, 5 Conn. 497 ; Co. Lit. 4 a ; Adams' Ejectment, 22. Nor a tenement.

*Last.* The acts complained of did not constitute a disseizin or eviction. The entry by Sullivan in the exercise of his right as alleged, was not an entry under a claim of title to possess the plaintiff's land, and could not destroy the owner's seizin, for the plaintiff remained thereafter, as before, in the exclusive possession of his land.

Clark *v.* Estate of Conroe.

The exercise of such right by Sullivan, if *lawful*, constituted an easement, and if unlawful was a trespass for which the plaintiff had an appropriate remedy. *Mitchell* v. *Warner*, 5 Conn. 497 ; *Smith* v. *Burtiss*, 6 Johns. 197 ; *Whitbeck* v. *Cook*, 15 Johns. 483 ; *Peck* v. *Smith*, 1 Conn. 135 ; *Prescott* v. *Truman*, 4 Mass. 627.

*E. J. Phelps* and *L. D. Eldridge*, for the plaintiff.

1. Both the covenants of seizin and warranty extend to and cover any and all paramount adverse rights or titles in the premises conveyed, and in any part of them, whereby the grantee may be evicted, whether such titles affect the entire possession of the premises, or confer only a limited or subordinate estate or right. If the grantee is evicted under such a paramount title, from any part of that substantial use and enjoyment of the premises, which the title conveyed to him ought to secure, it is a breach of the covenant, although he still occupies the land. Rawle on Cov., 160, 259, 261 ; *ib.* 64 ; *Morris* v. *Eddington*, 3 Taunt. 24 ; *Mott* v. *Palmer*, 1 Comstock, 527 ; *West* v. *Stewart*, 7 Barr. 122 ; 2 Hilliard's Real Prop. 394 ; *Knapp* v. *Marlboro*, 29 Vt. 286.

2. Even if the right in Sullivan to the water of the spring could be regarded as a mere incumbrance, it would still be within the operation of the covenants in the deed. Especially as an actual eviction of the plaintiff from the use and possession of the water resulted from it. Rawle on Cov. 64, 242 ; *Sprague* v. *Baker*, 17 Mass. 590 ; 4 Kent Com. 473 ; *Griswold* v. *Allen*, 22 Conn. 89.

3. The covenants are co-extensive in their application with the description in the deed which contains them, unless expressly restricted. Whatever is within the description, is within the covenants. *Griswold* v. *Allen*, 22 Conn. 89 ; *West* v. *Spaulding*, 11 Met. 556 ; *Estabrooks* v. *Smith*, 6 Gray, 510.

The words " privileges and appurtenances" are words of description, and not of form merely. Important rights are often conveyed by force of these terms. *Doane* v. *Broad St. Ass'n*, 6 Mass. 332 ; *Story* v. *Odin*, 12 Mass. 157 ; *Grant* v. *Chase*, 17 Mass. 443.

4. The facts stated in the declaration amount to such an eviction as will sustain the action, and all the nature of the case admits of. *Turner et al.* v. *Goodrich*, 26 Vt. 707.

The opinion of the court was delivered by

WILSON, J. This action is brought on the covenants contained in the defendant's deed as administrator of the estate of John G. Eels, and the case comes before the court on a general demurrer to the declaration. The important question is whether the facts set forth in the declaration constitute a breach of the covenant of seizin or warranty. It will be conceded that the demurrer admits the whole of the declaration according to its legal effect. The defendant's deed contains a description of the land by metes and bounds, and the *habendum* is, " to have and to hold the said parcel of land with all the privileges and appurtenances thereto belonging to the said Merlin Clark his heirs and assigns forever, to his and their own use." The description of the premises is sufficient to include every thing within the meaning of the word *land.* The defendant covenanted with the plaintiff his heirs and assigns that John G. Eels died seized of the granted premises, and that he would, and his heirs, executors and administrators should warrant and defend the premises unto the plaintiff his heirs and assigns against all persons claiming the same, by, from, or under Eels, or the defendant, but against no other person. It is evident that the defendant's covenants extend to and cover all paramount adverse titles in the land, derived from Eels or the defendant. It is urged by the defendant's counsel that Sullivan acquired by his deed only the right to draw water from the spring, and that such right created no title in the land itself. This conclusion we are not prepared to admit. The declaration alleges and the demurrer admits that, at the time of the execution of the deed and covenants by Conroe to the plaintiff, there was situated upon the granted premises a certain valuable *natural spring of water* essential to the use and occupancy of the premises, and largely increasing their value. No doubt can arise as to the nature of the spring, nor as to the source from which it was supplied.

The legal effect of the averment is that there was situated upon the premises a spring, which was supplied with *underground water, by the natural percolation of the water through the soil. Such water is treated as a part of the land, to be enjoyed absolutely by the owner of the soil. In *Acton* v. *Blundell,* 12 M. & W. 324, it was

held that the owner of land who had made a well in it and thereby enjoyed the benefit of underground water, had no right of action against an adjoining proprietor who, in sinking for and getting coal from his own soil, in the usual and in a proper manner, caused the well to become dry. In *Roath* v. *Driscoll*, 20 Conn., the court say "each owner has an equal and complete right to the use of his land and to the water which is in it," and they say "the water combined with the earth or passing through it by percolation, or filtration, or chemical attraction, has no distinctive character of ownership from the earth itself, any more than the metallic oxydes of which the earth is composed," and they further add, "water, whether moving or motionless, *in the earth*, is not, in the eye of the law, distinct from the earth." The case of *Greenleaf* v. *Francis*, 18 Pick. 117, advances the same principle. The case of *Chatfield* v. *Wilson*, 28 Vt. 49, was an action on the case for the disturbance of a water course. The declaration alleged that the defendant lowered and changed the channel of a brook which divided the farms of the plaintiff and defendant, and diverted the water therein; and also alleged an interference by the defendant with the natural flow or passage by percolation of the water through the defendant's land to the plaintiff's, by means of which a reservoir or tub on the plaintiff's land was supplied with water. In that case the doctrine of the case of *Roath* v. *Driscoll*, 20 Conn., is approved, and the court say "there are no correlative rights existing between the proprietors of adjoining lands in reference to the use of the water in the earth, or percolating under its surface; and that such water is to be regarded as part of the land itself, to be enjoyed absolutely by the owner of the land as one of its natural advantages;" and the court further add, "to such water the law governing the use of running streams is inapplicable." There is nothing in the case which shows that the spring was in part supplied by a diversion of surface water, or that it caused a flow of surface water, in which correlative rights could exist. The words "a natural spring of water" import that the water of the spring was a part of the land, and susceptible of absolute ownership. It follows from these principles that the spring formed a part of the land conveyed by the defendant to the plaintiff.

Clark *v.* Estate of Conroe.

The substance of the alleged breach of the defendant's covenant is that the right to the water of the spring had been previously conveyed by John G. Eels and Isaac L. Eels to one Daniel Sullivan by valid title, with the right of taking and draining away the water of the spring by means of logs to the premises of Sullivan adjoining, and that under that title, Sullivan has ever since claimed and exercised the right so to draw off the water, and has entirely deprived the plaintiff of the use of it. It does not appear that Sullivan was in any manner restricted as to the quantity of water he might take, and we may conclude that the entire water of the spring was conveyed to him. Prior to the conveyance to Sullivan he had no correlative right to the water, or use of the water of the spring. His title in the spring was acquired by his deed from Eels. The conveyance from Eels to Sullivan is in effect a conveyance of the spring itself. Eels conveyed to Sullivan all that was, or could be of value in the spring, and at the time of the decease of John G. Eels Sullivan was in possession of the spring, claiming it under his title derived from Eels, and appropriating its entire waters to his own use.

The deed to Sullivan conveyed to him a title in the land, and so far as the spring formed a part of the land John G. Eels did not die seized of the same. The covenant of seizin is an assurance to the grantee that the grantor has the very estate in quantity and quality which he purports to convey. Platt on Cov. 306. It has been repeatedly decided by our courts that the covenant of seizin imports a covenant of title. It is clear that the title of Sullivan in the spring was a breach of the defendant's covenant of seizin.

To constitute a breach of the covenant of warranty there must have been an eviction either actual or constructive. In regard to constructive eviction the rule would seem to be this:—where at the time of the conveyance the grantee finds the premises in the possession of one claiming under a paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken, without any other act on the part of either the grantee, or the claimant, for the latter can do no more towards the assertion of his title, and as to the former the law will compel no one to commit a trespass in order to

establish a lawful right in another action.    Rawle on Cov. 225.
The paramount title of Sullivan, with his actual possession under
it, was of itself a breach of the covenant of warranty.

The judgment of the county court is affirmed, and by agreement
of the parties the case is remanded to the county court for assess-
ment of the damages.