HARVEY RUSS *v.* DON Z. STEELE.

*Warranty.    Covenant.*

An outstanding right of way, across one's premises, constitutes a breach of the covenant of warranty.

The occupation of the way, in such a manner as the nature of the right secures to the adjoining proprietor, as occasion may require, and for all time, is such a disturbance of the possession of the plaintiff as, in law, amounts to an eviction to the extent of the adverse right or claim.

THIS was an action for a breach of covenant. The declaration counted upon the covenants in a deed from the defendant to one Ephraim Littlefield, dated March 3d, 1851, and alleges subsequent conveyances of the premises by Littlefield to Baxter, February 8th, 1856; by Baxter to the plaintiff, March 13th, 1856; and by the plaintiff to Lucius Tyler, November 11th, 1856; that at the time of making each of said deeds, said premises were encumbered by a way, and right of way, in one William Steele; that said Tyler, in attempting to assert and defend his rights to a full, quiet and peaceable enjoyment to said lands, was sued by said William Steele, and judgment was rendered against him in said suit, which he was compelled

to pay; that afterwards, said Tyler commenced an action at law for covenant broken against the plaintiff on his deed aforesaid, to recover his costs, trouble and expense in defending said suit, and for the money he was compelled to pay in satisfaction of the aforesaid judgment; that the plaintiff caused the defendant to be vouched in to defend the said suit; that he disregarded said notice, and that the plaintiff defended the same at great expense, &c.

To the declaration the defendant filed a general demurrer. At the December Term, 1867, BARRETT, J., presiding, the court adjudged the declaration insufficient, and rendered judgment for the defendant, —to which the plaintiff excepted.

*C. M. Lamb*, for the plaintiff.

The covenant of warranty runs with the land, and vests in the assignees of the original covenantor's grantee, and in the last purchaser in the chain of title.

The breach first accrued in the time of the last purchaser. *Williams* v. *Wetherbee*, 1 Aik. 233; *Boyd* v. *Bartlett*, 36 Vt. 9; *Clark* v. *Conroe's Estate*, 38 Vt. 469; 2 Greenl. Ev. § 240; *Sprague* v. *Baker*, 17 Mass. 581; *Norman* v. *Wells*, 17 Wend. 136.

The plaintiff can call upon any and all the grantors, prior to himself in the chain of title, and who stand in privity of estate with the defendant, the defendant inclusive, for indemnity, till he has obtained satisfaction for the breach of this covenant. 1 Aik. 233, *supra;* 1 Swift's Dig. 367.

The claim of William Steele having existed at the time of the defendant's conveyance to Littlefield, and continuing to the date of Tyler's deed, the breach may be regarded as continuing through the successive conveyances, resulting in the suits, *Steele* v. *Tyler* and *Tyler* v. *Russ.* 17 Mass. 586, *supra; Boyd* v. *Bartlett*, 36 Vt. 9; 2 Am. Law Reg. 268.

The existence of Steele's right of way, and the assertion of that right, and the judgments obtained by him against Tyler, are equivalent to eviction, or are in fact such. Rawle on Cov. 225, *et seq.; Swasey* v. *Brooks*, 34 Vt. 451; *Norman* v. *Wells*, 17 Wend. 159; 36 Vt. 9, *supra;* 38 Vt. 469, *supra.*

This covenant to warrant and defend, applies as well to easements as to any other species of estate. Rawle on Cov. 259, *et seq. ;* 30 Vt. 692; 34 Vt. 451.

*W. C. French,* for the defendant.

The demurrer to the declaration was properly sustained by the court.

I.   The declaration sets up the covenants that the defendant was sole owner against *incumbrances,* and *to warrant and defend* as contained in defendant's deed, and concludes by alleging that the defendant " *hath not kept his covenants."*

It is well settled that the covenants of *seizin* of *right* to *convey,* and against *incumbrances,* are *personal covenants,* and do not run with the land, or pass to the assignee.

If not true, there is a breach of them as soon as the deed is made, and they become *choses in action* not assignable.   4 Kent's Com. 471, and cases cited; *Williams* v. *Wetherbee,* 1 Aik. 233 ; *Garfield* v. *Williams,* 2 Vt. 327 ; *Potter* v. *Taylor,* 6 Vt. 676 ; *Judevine* v. *Pennock,* 14 Vt. 438 ; *Mitchell* v. *Warner,* 5 Conn. 479, and cases cited in notes ; *Swasey* v. *Brooks,* 30 Vt. 692. .

If the defendant was not " *sole owner of the premises,"* when sold, there was a breach of this covenant when the deed was executed. *Slater* v. *Rawson,* 1 Met. 450.

The existence of a *way,* either public or private, over the lands of another, is nothing more than an *incumbrance,* and can be only a breach of the covenant *against incumbrances,* in case of sale and deed with usual covenants.   *Butler* v. *Gale,* 27 Vt. 739 ; *Kellogg* v. *Ingersol,* 2 Mass. 97 ; *Harlow* v. *Thomas,* 13 Pick. 66 ; *Pritchard* v. *Atkinson,* 3 N. H. 335 ; *Haynes* v. *Stevens,* 11 N. H. 28 ; *Hubbard* v. *Norton,* 10 Conn. 421, 431 ; 4 Kent's Com. 479 ; 2 Greenl. Ev. § 242. The plaintiff, in his declaration, only claims that the right of way in William Steele is an *incumbrance.*   A public highway or a private right of way over lands, is but an *easement* on the land, and the soil and freehold remain in the owner for all purposes not inconsistent with the easement.   *Pomeroy* v. *Mills et al.,* 3 Vt. 279 ; *Perley* v. *Chandler,* 6 Mass. 454 ; *Jackson* v. *Hathaway,* 15 Johns. 447 ; *Peck* v. *Smith,* 1 Conn. 103, 135 ; also cases cited above.

II. There is no covenant in the defendant's deed, which *runs with the land*, except the general covenant of *warranty.* Can this action be maintained on this covenant? The covenant of warranty is exclusively a covenant *real,* and takes the place of the ancient writ of *warrantia charta,* under which, if the feoffee lost the land by title paramount, he had judgment against the warranter *for other lands of equal value.* 2 Bouvier Law Dic. 642.

It is a covenant which effects the *title* to the lands merely, and any claim or disturbance which does not effect the *freehold,* and which leaves the freehold in the grantee and his assigns, is not covered by this covenant. In order to a recovery under this covenant, there must be an actual *eviction* or *ouster* from the land, or what is tantamount to an eviction by *title paramount* existing at the time of the deed. 4 Kent's Com. 471 ; 2 Greenl. Ev. § 244 ; Smith's Law Cases, 128 ; *Garfield* v. *Williams,* 2 Vt. 327 ; *Parks* v. *Bates,* 12 Vt. 381 ; *Pitkin* v. *Leavitt,* 13 Vt. 379 ; *Brown* v. *Taylor,* 13 Vt. 631 ; *Turner et al.* v. *Goodrich,* 26 Vt. 707 ; *Knapp* v. *Marlboro,* 34 Vt. 235 ; *Boyd* v. *Bartlett,* 36 Vt. 9 ; *Loomis* v. *Bedel,* 11 N. H. 74 ; *Mitchell* v. *Warner,* 5 Conn. 497 ; *Thayer* v. *Clemence,* 22 Pick. 490.

The very question involved in this suit has been decided in favor of our views, by the supreme court of Connecticut, in an *elaborate* and *exhaustive* opinion by HOSMER, Ch. J., in which the whole doctrine of covenants in deeds is reviewed and considered in the light of all the authorities upon the subject, both ancient and modern. *Mitchell* v. *Warner,* 5 Conn. 497, 515 ; *vide* also *Peck* v. *Smith,* 1 Conn. 103, 135.

The same doctrine has been directly held in New York. *Whitbeck* v. *Cook,* 15 Johns. 482, 490 ; 4 Kent's Com. 479 ; *vide* also *Wheelock* v. *Thayer,* 16 Pick. 68 ; Rawle on Cov. p. 63, 115.

Our Statute of Limitation recognizes the same doctrine, and requires the action to be brought within eight years next after *a final decision against the title of the covenantor.* Gen. Stat. p. 443, § 13.

A right of way being a mere *easement,* ejectment could not be maintained for any interference or prevention of its use, and this being so, how can a man be *ousted* or *ejected,* as required in case of

21

the breach of the covenant of general warranty ?    1 Chit. Pl. 217 ;
3 Black. Com. 206.

~ Neither Tyler nor the plaintiff were ever *ousted* or *disturbed* in their
possession.    Tyler shut up and deprived William Steele of his right
of way, for which Steele brought suit, and recovered judgment.

The opinion of the court was delivered by

PROUT, J.    This case comes into this court upon demurrer to the
plaintiff's declaration, which, with formal averments, alleges an
outstanding right of way over the premises of the plaintiff.    The
plaintiff claims that this outstanding right of way constitutes a breach
of the covenant of warranty contained in the deed from the defendant
to Littlefield, whose title the plaintiff acquired by virtue of certain
intermediate conveyances as set forth in his declaration.    The right
of way is in William Steele, and used by him in passing to and
from premises owned by him adjoining the plaintiff's, and is estab-
lished by the adjudication and judgment of a court of competent
jurisdiction, and concludes the plaintiff with reference to the prem-
ises affected by it and owned by him, the former grantor having
been *vouched* to defend in that proceeding or suit.    The deed upon
which the plaintiff bases his right to recover in this action, in terms
conveys the entire interest and estate in the premises described in the
declaration, and such would be its effect were it not for the existing
right of way.    The covenant upon which the plaintiff declares, is
co-extensive in its application with the title or estate the deed pur-
ports to convey, and containing as it does, covenants against incum-
brances and of warranty, the only question is, whether the right of
way is within the terms and scope of the covenant of warranty, and
constitutes upon the facts set forth in the declaration, a breach of it.
The covenant is expressed in this language, that the defendant
" will warrant and defend, &c., to the said Littlefield, his heirs
and assigns against all lawful claims whatsoever," and would seem
not to admit of misconstruction.    It extends to all lawful outstanding
adverse *claims* upon the premises or any part conveyed by the deed ;
and as expressed and as no doubt the parties to the deed intended,
is an undertaking on the part of the covenantor, to defend the title

and estate against all lawful adverse claims, however limited, which necessarily affect the full and complete possession and enjoyment of the premises to which it relates. As remarked by ROYCE, J., in respect to a similar covenant in *Williams* v. *Wetherbee*, 1 Aik. 233, " it is something more than a covenant for quiet enjoyment. It is a covenant to defend, not the possession merely, but the land, and the estate in it." Such being the scope and extent of the covenant declared upon, it would seem to follow, that an existing, outstanding right of way across the plaintiff's premises, used and enjoyed as such, call it what we may, is such a *claim* or right as interferes with the possession of the proprietor, and affects the estate, both in quantity and value, and falls within the terms and spirit of the covenant. The plaintiff does not get such an estate or title as his deed, by its terms, ought to secure him, and this being so, the case is directly within the principle of the recent case of *Clark* v. *Conroe's Estate*, 38 Vt. 469. And, we think, the occupation of the way, in such a manner as the nature of the right secures to the adjoining proprietor, as occasion may require, and for all time, is such a disturbance of the possession of the plaintiff, as in law amounts to an eviction to the extent of the adverse right or claim, and that the covenant declared upon, attending and running with the land as it does, entitles the plaintiff to his action.

·The judgment of the county court is reversed, and cause remanded.