JOHN McMULLIN, Respondent, v. ALMON WOOLEY, Appellant.

(GENERAL TERM, FIFTH DISTRICT, OCTOBER, 1868.)

The grant of a right to conduct water, by means of pipes laid beneath the surface of land, from a spring thereon, is a grant of an easement, and not of any part of the land itself.

The existence and user of such an easement, by the grantee thereof, constitutes no breach of a covenant for quiet enjoyment or of warranty in a subsequent deed by his grantor.

It seems that to protect himself against an easement upon land, the purchaser must take a covenant against incumbrances.

THIS was an appeal from a judgment, entered on a verdict rendered at the Jefferson County Circuit.

The action was to recover damages, upon a contract to pay interest on the purchase money of certain premises, and for damages done to said premises, after the defendant had contracted to sell them to the plaintiff, and before conveyance; and also, for breach of a covenant of warranty, and for quiet enjoyment, contained in the deed afterward executed and delivered, pursuant to the contract. It appeared that before the deed to plaintiff, the defendant had granted to one Wilson, a right to draw water from a spring upon the premises in question, by means of pipes laid under ground, and that this right, though without the plaintiff's knowledge, was used and enjoyed at the time of the conveyance, and afterward.

The plaintiff had a verdict for damages, on all the causes of action alleged in his complaint, and the defendant appealed.

*Brown & Beach*, for the appellant.

*Lansing & Sherman*, for the respondent.

Present—FOSTER, MULLIN and MORGAN, JJ.

McMullin *v.* Wooley.

By the Court—MULLIN, J.  The right granted by defendant's grantors, to William H. Wilson, to lay pipes in his (the grantor's) land, and divert the water · thereof to his (Wilson's) own land, for the use of his cattle, is an easement; and the deed granting the easement conveys no part of the land on which the spring is, or in which the pipes are laid. (Angel on Watercourses, sections 90, 161, 163, 285.)

The existence of such an easement, if it can be held to be a breach of any covenant in a deed, is a breach of the covenant against incumbrances.  (Rawle on Covenants of Title, 114, 115, and cases cited.)

I can find no case in the books, in which it has been held that such an easement, is a breach of either the covenant for quiet enjoyment, or of warranty; and, upon principle, it would seem to me that it cannot be.

To constitute a breach of either of these covenants, there must be an ouster, either actual or constructive, of the premises conveyed.

An ouster, is an actual deprivation of the possession of a part of the land, or, what is equivalent, a title, which is capable of being used to deprive the grantee of his possession, of a portion of the land, covered by his deed.

Now the withdrawing through pipes, of water from a spring, is in no sense a deprivation of a part of the land; and hence, when a purchaser desires to protect himself, against the existence of such an easement on his land, he must take a covenant against incumbrances; or if the existence of it is concealed from him, and he has no such covenant, then he must sue for the deceit. (Rawle on Covenants of Title, 118, 120.)

If this is a correct exposition of the law, the plaintiff was not entitled to recover for a breach of the covenant set out in the complaint, and the judgment should be reversed, unless the plaintiff will stipulate to deduct the amount allowed by the jury for the spring, in which event the judgment is affirmed without costs.

Ordered accordingly.