WILLIAM REA, Appellant, *v.* ISAAC H. MINKLER, Respondent.

(GENERAL TERM, THIRD DEPARTMENT, FEBRUARY, 1871.)

A grantor's covenant to warrant and defend against himself, "and every person claiming or to claim the premises, or any part thereof," extends to possession as well as title ; and whenever there is a disturbance of either, under title paramount, the covenant is broken. (Per MILLER, J.)

Such warranty includes all outstanding adverse claims to the premises, or any part thereof, which affect the full enjoyment of the possession or title. (Id.)

And held, that the existence and use of a private right of way over the granted premises, to which they were subject at the time of a conveyance with such a covenant, was a breach of the warranty.

And even although the purchase is made with knowledge of the grantee that a strip in the rear of the granted premises has been previously sold by the grantor, to which there is no access to the highway except over such premises, does not render the existence and use of the way less a breach of the warranty.

It seems the covenant of warranty is, in effect, the same as that of quiet enjoyment.

And that a disturbance of the free and uninterrupted use of land, without absolute expulsion therefrom, is, in law, an eviction and a breach of the covenant of warranty.

Whether such a warranty would apply to a highway running through the granted premises, *quere.*

APPEAL from judgment of Special Term.

This action was brought to recover damages by reason of a breach of the covenant of warranty in a deed from defendant to plaintiff. The breach complained of was in this, that a private right of way previously conveyed by defendant to one Isaac W. Allen, existed upon the premises and was used as such. The case was tried at a Circuit Court in Clinton county by the court without a jury. The court found for the plaintiff on the facts, but decided, as a matter of law, that the warranty was of title only, and that the existing private right of way and its use by Allen, was not a breach of the covenant.

The covenant in the deed was shown to be "to warrant and forever to defend the above bargained premises, *and every part and parcel thereof*, against the said parties of the first part,

Rea v. Minkler.

their heirs, executors, administrators and assigns, and against all and every other person or persons claiming or to claim the said premises, *or any part thereof.*"

The court found as facts that prior to the conveyance to plaintiff the defendant had conveyed to one Isaac W. Allen, in fee, an adjoining piece of land, *together with a right of way from said piece, across the lands subsequently conveyed to plaintiff, to the highway.* That the plaintiff knew that the defendant had conveyed said piece of land to Allen; that Allen owned no lands adjoining said piece of land; had no access to same from the highway except through the land described; but that plaintiff at the time of the conveyance to him had no knowledge of the conveyance to Allen of said right of way, and that after the execution of the deed to the plaintiff, and before the commencement of this action, Allen repeatedly used the said right of way across the premises conveyed to plaintiff without the plaintiff's consent and against his will, claiming to exercise such right under the conveyance to him from defendant; and that the premises conveyed to the plaintiff were worth $150 less, subject to such right of way, than they would have been if not subject thereto.

The court also find, as a conclusion of law, that the covenant in the deed from defendant to plaintiff has not been broken; that the warranty therein is of the title, and that the plaintiff has title to said premises, and has not been evicted from the premises, and directed a judgment in favor of the defendant. To the conclusion of law thus found the plaintiff duly excepted.

Judgment was entered in favor of the defendant, and the plaintiff appealed.

The case was submitted upon printed points.

*Smith M. Weed* and *Peter S. Palmer*, for the appellant.

*G. M. Beckwith* for the respondent.

Present—MILLER, P. J.; POTTER and PARKER, JJ.

Rea v. Minkler.

By the Court—MILLER, P. J. The covenant of warranty upon which this action was brought was not only against the grantors and their representatives, but " against every person claiming or to claim the premises, or any part thereof." This is broad and comprehensive, and if literally interpreted would embrace perhaps more than is usually included within the terms of a covenant of warranty. The fair import of the covenant, I think, is, that it extends to possession as well as title, and whenever there is any disturbance of either by force of a title paramount the covenant is broken. This would include all outstanding adverse claims to the premises, or any part thereof, which affect the full enjoyment of the possession or the title to the same, and whether a right of way be regarded as a mere easement is, in my opinion, of no importance. If it be an easement, it is a permanent interest in another's land, with a right at all times to enter and enjoy it. (2 Will. on Real Prop., 16, § 16.) And in this, as all similar cases of servitude, a paramount right exists to the extent of the interest granted. The right is adverse to the possession and enjoyment of the premises, according to the terms of the covenant in the deed, and virtually operates to exclude and evict the grantees by means of a title paramount and controlling. The grantor cannot cultivate or improve the premises which are included in a right of way. He can neither lawfully sow or reap upon the land, put up fences to exclude the claimant, or in any way keep and maintain full and entire possession. They are liable to be entered upon at any and all times provided for by the grant, without any means of redress for injuries which may be sustained. In fact, the premises thus held are absolutely taken from him and appropriated by another as effectually as if that party had recovered them by an action at law. This certainly amounts to an eviction practically or a disturbance of the possession by force of a paramount title, which is sufficient, as I understand, to maintain the action.

The covenant of warranty, according to the modern authorities, is considered the same as a covenant of quiet enjoyment.

Rea v. Minkler.

It is said in 4 Kent Com., 10 ed., 575, 576: "The general covenant that the grantor will warrant and defend the title is also a personal covenant." * * * "It is in effect a covenant for quiet enjoyment." In Hilliard on Real Estate, note 2, 2 ed., 375, § 78, it is said that in the United States " a covenant of general warranty is in fact and essence a covenant for quiet enjoyment. It embraces an *adverse possession* as well as adverse title." In Willard on Real Estate and Con., 414, the learned author says: "The covenant for quiet enjoyment goes to the possession, and not to the title, and is broken by a lawful entry and expulsion from, or some *actual disturbance in, the possession.* (5 Johns., 120; 15 id., 483.) It is, therefore, *like a covenant of warranty*, which, however defective the title may be, is not *broken till the possession is disturbed.* When the latter event transpires, *either to the* covenant of quiet enjoyment or the covenant of *warranty*, an action lies to recover damages for the *failure of possession and title*, according to the extent of such failure. (21 Wend., 124; 7 Wend., 281; 2 Hill., 105.)" In *Fowler* v. *Poling* (2 Barb., 303), EDWARDS, J., says: "The covenant of warranty and quiet enjoyment are, in legal effect, one and the same." In the same case, at General Term (6 Barb., 165), EDWARDS, J., indorses the same principle, making the distinction, that in a covenant of quiet enjoyment, the eviction is merely required to be of lawful right, while the covenant of warranty relates to the title, and the eviction must not only be of lawful right, but by paramount title.

I do not understand that the doctrine laid down in the authorities cited is in conflict with the other cases to which we have been referred. (See *Waldron* v. *McCarty*, 3 J. R., 471; *Kortz* v. *Carpenter*, 5 J. R., 121; *Sedgwick* v. *Hallenbeck*, 7 J. R., 376.) If the last case is antagonistic to these views, as claimed, then it is adverse to the general current of authority.

While it may be conceded that an eviction is essential to constitute a breach of either of the covenants, of quiet enjoy-

ment or warranty, it is not necessary that there should be an absolute expulsion of the covenantee from the land; but it is enough that there has been a disturbance of the free and uninterrupted use of the land. This, in law, is an eviction, and constitutes a breach of the covenant. This rule is recognized distinctly in the quotation made from Willard on R. E. & Con., *supra;* also in *Kortz* v. *Carpenter* (5 Johns., 120); *Waldron* v. *McCarty* (3 Johns., 471); *Kerr* v. *Shaw* (13 Johns., 236); see, also, *Dyett* v. *Pendleton* (4 Cow., 581); in Court of Errors (8 Cow., 327); *Cohen* v. *Dupont* (1 Sandf. S. C., 264). There is no rule laid down in *Bordewell* v. *Colie* (1 Lansing, 141), or *McMullin* v. *Wooley* (2 Lansing, 394), which, in any way, disturbs the principle referred to.

If the doctrine laid down is correct, and the enjoyment of the right of way adverse to the plaintiff's deed was a disturbance of the plaintiff's possession, then he was entitled to recover, and the court erred in granting the motion for a nonsuit.

It is insisted by the defendant's counsel, that the plaintiff bought of the defendant the residue of his farm, with actual knowledge of the purchase by and conveyance of the rear part of the farm, and that there was no access to it from the highway, except across the part purchased by him, and with actual knowledge of the right of way across the farm, and having such knowledge, he is presumed to have purchased, subject to such right of way, and graduated his price accordingly.

I am inclined to think that the question to be determined in this case is not whether the plaintiff had knowledge of the fact that there was no access to Allen's land except through the premises purchased by the plaintiff, but what is the legal effect of the terms of the covenant. But even if the plaintlff had such knowledge, it could make no difference, as there is a palpable distinction between a right of way by necessity and one conveyed by a grant. The former may be fixed by the owner of the land,

Rea v. Minkler.

and is terminated when the necessity ceases (1 Barb. Ch. R., 362 ; 2 Hilliard on Real Prop., 16, § 59), while the latter is fixed by the conveyance, and permanently established.   Nor, in my opinion, is there any analogy between a warranty of the soundness of personal property, and a written covenant in a deed of real estate, where the terms are especially provided for.   In case of a sale of personal property there may be certain apparent defects which could not well escape the observation of a purchaser, which are not embraced in a warranty of soundness.   A sale of real estate with a covenant of warranty stands in a different position, and to apply the same rule, we must assume not only knowledge of the fact, but knowledge of the legal effect of the location of adjoining lands, where a right of way exists by necessity.   This would be extending the rule referred to beyond what is sanctioned by any decision of the court, and requires a degree of legal knowledge, as to the intricate questions relating to covenants in deeds, which is far beyond what is possessed by ordinary men.

We have been referred to the case of *Whitbeck* v. *Cook* (15 J. R., 483, 545) as an authority for the doctrine that the right of way and its use across the lands of a grantee is not a breach of a covenant of warranty nor of quiet enjoyment. The case came up, in part, on demurrer to the breach assigned, that a certain portion of the premises was a public highway, and it was held that, in assigning a breach of a covenant for quiet enjoyment, contained in a conveyance of land, the plaintiff must show an entry and expulsion from, or some actual disturbance in, the possession, and that an existing public highway was not a breach of the covenants ; that the defendants were the lawful owners, and that they were seized of the premises, and had full power to convey. (See, also, *Jackson* v. *Hathaway*, 15 J. R., 447.) It will be observed that the action was not brought for a breach of the covenant of warranty ; but, assuming that the case goes to the extent of holding that a public highway, in existence at the time of the execution of the deed, and for a long time previ-

ously, is not a breach of a covenant of warranty, there is, I think, a broad distinction between a public highway and a private right of way. The latter is secured by a conveyance to an adjoining proprietor, for his private use, while the former is for the benefit of the public as well as the owner of the land through which it passes, and a positive advantage. While the latter might be unknown to a purchaser, the former, running through a farm, would be seen when purchased, and could not but be considered as an enhancement of its value.

Giving full force to the authority last cited, I think the rule should not be enlarged so as to embrace a case which rests upon an entirely different principle.

The precise point now presented was decided in *Russ* v. *Steel* (40 Vt., 310). The action was for a breach of a covenant of warranty, upon the ground that at the time of the execution of the deed there was a right of way through the premises, and it was decided that the action would lie. The court held that the covenant of warranty extends to all outstanding adverse claims upon the premises, or any part conveyed by the deed; and that the occupation of the way in such a manner as the nature of the right secures to the adjoining proprietor, as occasion may require, and for all time, is such a *disturbance* of the possession of the plaintiff as in law amounts to an eviction to the *extent of the adverse right or claim*. Although this is an adjudication of another State, yet it is entitled to great weight in the absence of any directly adverse authority.

Some other suggestions are made by the defendant's counsel, but with the views expressed do not require discussion. It is not clear that the case involves merely nominal damages, as the judge finds that the premises were worth $150 less, subject to the right of way, than they otherwise would have been.

Nor do I think that the court should direct a judgment for the plaintiff for the amount of damages found, as it is possible a new trial may elicit a different state of facts. As it is

First National Bank of Ballston Spa v. Insurance Co. of North America.

manifest that the judge erred upon the trial, the judgment must be reversed and a new trial granted, with costs to abide the event.

PARKER, J., concurred with some doubt as to whether the use and existence of the right of way was a breach of the covenant of warranty.

Judgment reversed.