GEORGE H. ADAMS, PLAINTIFF, *v.* WILLIAM CONOVER AND JOHN CONOVER, DEFENDANTS.

*Covenant for quiet enjoyment—when a judgment recovered against the grantee is conclusive evidence of a breach, as against the grantor—measure of damages on partial eviction—when grantee may sue for a breach of covenant, after having sold the land.*

This action was brought to recover damages for a breach of a covenant for quiet enjoyment contained in a deed of certain land, upon which was a mill, given by the defendant and another, to the plaintiff and another. After the grantees had entered into possession of the premises, and while they were maintaining the dam at the same height at which it was, at the time of the conveyance to them, two actions were brought against them by the owner of adjoining lands, to recover damages for the overflow thereof, in which judgments were recovered against them, after the grantors had been notified of the bringing of the actions.

*Held,* that the said judgments established, as against the defendants, that they had no right, at the time of the said conveyance, to maintain the dam at its then height, and established also a breach of the covenant for quiet enjoyment.

That it was not necessary that the appurtenances of the land conveyed,—*i. e.,* the right to overflow adjoining land,—should be specifically described in the deed.

That the plaintiff was entitled to recover such proportion of the amount which he would have been entitled to recover upon the failure of the title to, or eviction from the possession of the whole of the farm, as the value of that portion of the property, as to which the title had failed, bore to the value of the whole of it.

That the fact that the plaintiff had, after having paid his share of the judgments recovered against him, conveyed his interest in the premises, by a warranty deed, to his co-grantee, did not prevent him from maintaining this action.

MOTION for a new trial on exceptions, ordered to be heard in the first instance at the General Term, after a verdict rendered in favor of the plaintiff.

The action was brought to recover damages for a breach of a covenant of quiet enjoyment contained in a deed of conveyance, which described by boundaries a piece of land, and purported to convey the same together with a right of way over adjoining land, " with the appurtenances," &c.

*John Gillette,* for the plaintiff.

*W. H. Adams,* for the defendants.

HARDIN, J.:

In March, 1867, the defendant Conover, and one Benjamin Conover by warranty deed, conveyed certain premises and privileges and appurtenances situated in the town of Victor, Ontario county, to the plaintiff and one John Conover in consideration of $8,000. There was a plaster mill in use on the premises. The deed contained the usual covenant for quiet enjoyment. The grantees entered into possession of the premises. Subsequently two actions were brought against the grantees, and tried, in which were recoveries for overflowing the lands of Felt, who owned on the stream next above the granted premises. There was evidence given upon this trial, tending to show that the grantors had notice of these suits so brought against the grantees. And the verdict here establishes that such notices were given. And there was evidence given, tending to establish that the mill-dam was maintained by the grantees at the same height it had been used before the grant was made.

The former judgments establish, therefore, that the right thus to maintain the dam did not exist in the grantors at the time of the conveyance.

They also establish a breach of the covenant for quiet enjoyment. (*Rea* v. *Minkler*, 5 Lans., 196; *Shattuck* v. *Lamb*, 65 N. Y., 499.) The judge in effect charged that the right to maintain the dam at its former height passed to the grantees, and that for the breach the plaintiff was entitled to recover his share of the damages sustained by reason of the breach of the covenant for quiet enjoyment. We think the former recoveries were binding upon the grantors. (*Stowell* v. *Chamberlain*, 60 N. Y., 272; *Smith* v. *Smith*, 10 Weekly Dig., 19.) We also think the record of the former recoveries was properly received in evidence to show what matters might have been litigated therein, and that parol evidence in respect to the trials in those actions was properly admitted, to show what in fact was litigated in those actions. (*Smith* v. *Smith*, *supra*; *Kerr* v. *Hays*, 35 N. Y., 331.)

We find nothing in the records of the former recoveries to establish that there was any qualified right to keep the dam at its height when conveyed, at certain seasons of the year. They there-

fore establish that no such right existed in the grantors. The trial judge was therefore correct in instructing the jury that they were to treat the right of the grantees, to have the dam kept at such height, as one of the appurtenances that they acquired, and that it passed to them as an appurtenant to their premises. (*Green* v. *Collins*, 10 Weekly Dig., 89.) It was not necessary the appurtenances should be specifically described in the deed. (*Ib.; Voorhees* v. *Burchard*, 55 N. Y., 98.) The former recoveries established a breach of the covenant for quiet enjoyment.

We do not think the exception to the charge taken by the defendants can avail them. In was in these words : " Counsel for the defendants excepted to the charge that the slash boards were to be treated as a permanent part of the dam, and that the covenant carried the right to maintain the dam permanently at the height it was with the old slash boards on." If there was any qualified right to maintain the height of the dam, as it was when the grant was made, which passed, the attention of the judge should have been specifically called thereto. But, as we have said, we do not think the evidence justified any such finding by the jury, and, therefore, the qualified right referred to in the case of *Marcly* v. *Shults* (29 N. Y., 346), was not presented by the evidence. It is not error to refuse to charge abstract propositions or propositions having no support in the evidence offered. The difficulty with the defendants' position arose from the findings in the former action, to the effect that there was no right to maintain the dam at the height it was at the time of the conveyance.

The offer made by the defendants to show that " the water in the stream which fed the pond had been gradually diminishing from year to year," was substantially allowed. So far as the witness knew, he was permitted to state, by the ruling. Nor do we see any error in excluding evidence as to how the mill was operated with, or after steam was put in to run it.

When Felt recovered for flooding his lands by keeping up the dam as it was when the plaintiff took defendants' conveyance, there *was established* an eviction. (*Shattuck* v. *Lamb*, 65 N. Y., 510.)

The plaintiff's right to damages accrued, and the payment of his share of the recoveries had by Felt was abundantly established.

Before this action was commenced, the plaintiff conveyed his interest in the lands to John Conover. It is now insisted that such conveyance carried the right to damages sustained by reason of the breach. The damages now sought had all accrued before the plaintiff made such conveyance.

As the exact terms of that conveyance are not before us, we assume from the oral evidence that it was an ordinary warranty deed. We do not think it passed the damages sustained by the plaintiff. (*Richards* v. *Bent*, 14 Am. R., 1; *Beddoe* v. *Wadsworth*, 21 Wend., 120; *Hamilton* v. *Wilson*, 4 Johns., 72; Sedgw. on Dam., 174.)

The defendant offered to prove that the custom of the mill diminished in value during the time the plaintiff occupied it; and also to show that for various causes the property was worth less at the time the plaintiff sold his interest to John Conover than when purchased of the defendant. The trial judge declined to go into that evidence, and ruled that the defendants " might introduce evidence as to the value of the extra amount of use of the water of which the plaintiff is deprived." The rule is settled in this State that the plaintiff is entitled to recover such proportion of the whole amount which he would be entitled to recover upon the failure of the title or possession to the entire property, as the value of that portion of the title or possession which has failed, bears to the value of the whole. (*Furniss* v. *Ferguson*, 15 N. Y., 443; Sedgw. on Dam., 183.)

Thus the real injury sustained is arrived at. We do not see that the defendant can complain of the rule of damages which obtained at the Circuit. The verdict seems to be in accordance with the justice of the case, and we must allow it to stand. The motion for a new trial is denied.

Motion for a new trial denied, and judgment ordered for plaintiff on the verdict.

TALCOTT, P. J., concurred; SMITH, J., not sitting.

Ordered accordingly.