(48 App. Div. 403.)

### ELLER v. MOORE.

(Supreme Court, Appellate Division, Third Department. March 7, 1900.)

ACTION OF COVENANT—QUIET ENJOYMENT—PRIVATE ROAD.
    The existence and use of a right of way for a private road across granted premises, to which they were subject at the time of the conveyance, is a breach of the covenant for quiet enjoyment, though the grantee knew of the existence of the way at the time he took the conveyance, but did not know of its extent.

Appeal from trial term, Sullivan county.

Action by Peter Eller against Hannah D. Moore. From a judgment of nonsuit, plaintiff appeals. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, SMITH, and KELLOGG, JJ.

W. W. Smith (Henry W. Smith, of counsel), for appellant.
J. M. Maybee, for respondent.

PARKER, P. J. The action is brought for a breach of a covenant for quiet enjoyment in a deed, whereby about one-fifth of an acre of land, with a dwelling house thereon, was conveyed by the defendant to the plaintiff. The breach complained of is that one Brown had acquired, by conveyance from Mott, from whom the defendant had subsequently acquired her title, "a right of way for a private road" across the premises in question, and that such right existed at the time plaintiff took his conveyance from defendant. That such an easement upon the premises in favor of Brown existed at that time, and continued to exist at the time this action was commenced, is not denied. The conveyance by which it was granted to Brown by Mott was put in evidence on the trial, and neither the deed from Mott to the defendant, nor her deed to the plaintiff, makes

any reservation of, or allusion to, the same. The ouster or disturbance of his possession of which the plaintiff complains is that Brown not only travels across his premises along the line which he and Mott located as the private road at the time the deed thereof was given, but that he has hauled stones and earth thereon under claim of repairing the road, and insists upon keeping open the entrance from such road into the highway. Such road connects with the highway that runs along the west side of the plaintiff's lot, and at which point, when purchased, there was a pair of bars maintained in the fence that protected the plaintiff's premises from the highway. In 1898, and since, Brown has insisted that such bars should be removed, and the entrance kept open, and has removed them as often as plaintiff has replaced them; thus leaving the plaintiff's premises open to the highway, unless a fence was built upon each side of the road easterly and westerly across the plaintiff's lot. If such fences were built, the south side of such lot would be cut off from the rest of the lot, and the spring which is thereon, and which furnishes water for the whole place, would be cut off from all the buildings thereon. So, also, the plaintiff would thereby be deprived of the use of the strip of land so fenced off. I am of the opinion that the existence of such an easement, and its use by Brown under such conditions, constitutes a breach of the covenant for quiet enjoyment contained in the plaintiff's deed. In Rea v. Minkler, 5 Lans. 196, it was held that the existence and use of a private right of way over the granted premises, to which they were subject at the time of the conveyance, was a breach of a covenant to warrant and defend, contained in such conveyance. It was also there held that the covenant "of warranty" is the same as a covenant for "quiet enjoyment," and, "while it may be conceded that an eviction is essential to constitute a breach of either of the covenants of quiet enjoyment or warranty, it is not necessary that there should be an absolute expulsion of the covenantee from the land, but it is enough that there has been a disturbance of the free and uninterrupted use of the land. This, in law, is an eviction, and constitutes a breach of the covenant." This case is cited and approved in Huyck v. Andrews, 113 N. Y. 81, 87, 20 N. E. 583, 3 L. R. A. 792. In Scriver v. Smith, 100 N. Y. 471, 3 N. E. 675, it is said that "where there is an outstanding title to an easement in the premises conveyed, which materially impairs the value of the premises, and interferes with the use and possession of some portion thereof, the covenant is broken, although there is not a technical physical ouster from the actual possession of any portion thereof." And this rule is applied in that case to a "covenant for quiet enjoyment." See, also, 8 Am. & Eng. Enc. Law (2d Ed.) pp. 117–119. Upon these authorities, it is, I think, plain that the plaintiff has suffered such an interference with the free use of his premises as amounts to an ouster sufficient to maintain this action.

It is claimed, however, by the defendant, that the existence of this easement was apparent, and that the plaintiff had full notice thereof when he purchased, and that, therefore, he cannot recover in this action. The record shows that the plaintiff knew when he pur-

chased that there was a traveled way across the lot from Brown's land to the highway. It was also apparent to him that Brown had no other way out from his premises. But it does not appear that he knew that Brown had any conveyance of such a right of way, or what his right or title thereto was, if he had any whatever. From the mere user, it would not appear but that Brown used it under a license that might be revoked at any time by the owner of the premises over which it passed. It can hardly be said, therefore, that the plaintiff must be deemed to have purchased the premises knowing of the easement which it is now conceded Brown then had. But, even if he had knowledge of the existence of that easement, it would seem that such fact furnishes no defense to this action. It was squarely held in Huyck v. Andrews, above cited, that knowledge of the existence of an easement upon the premises purchased, except that of a public highway opened and in use, did not furnish a defense to an action upon a covenant against incumbrances. The reason for such holding is therein given, at page 90, 113 N. Y., page 585, 20 N. E., and page 794, 3 L. R. A., in the following language:

"We think that the safer rule is to hold that the covenants in a deed protect the grantee against every adverse right, interest, or dominion over land, and that he may rely upon them for his security. If open, visible, and notorious easements are to be excepted from the operation of covenants, it should be the duty of the grantor to except them, and the burden should not be cast upon the grantee to show that he was not aware of them. The security of titles demands that a grant made without fraud or mutual mistake shall bind the grantor according to its written terms. It should not be incumbent upon the grantee to take special and particular covenants against visible and apparent defects in the title or incumbrances upon the land, but it should be incumbent upon the grantor, if he does not intend to covenant against such defects and incumbrances, to except them from the operation of his covenants."

Evidently, such reasoning applies as well to the covenant for quiet enjoyment as it does to one against incumbrances. It is true that the existence of the easement upon the premises may not be a breach of the former covenant until it is used so as to disturb the covenantee's enjoyment, while it is a breach of the latter covenant as soon as it is made, but in other respects they are alike. The covenantee has the same right to rely upon the one covenant as the other, and, when he has proven a breach of either, he should no more be called upon to show that he was not aware of the existence of the easement in the one case than in the other. If there is an outstanding mortgage upon premises, of which the grantee knows when he takes a conveyance of them, we do not presume that a covenant to warrant and defend their possession is not operative to protect him against the mortgage because he had such knowledge of it. We rather presume that he exacted the covenant in order to be protected against that very mortgage. And so with all easements that the grantee may know are existing as to the property. See, also, Mott v. Palmer, 1 N. Y. 574.

If these views are correct, the question as to the admission of the judgment, and its effect, becomes unimportant upon this appeal. It was not necessary to establish the existence of the easement, because that is conceded by the answer and proven by the conveyance

to Brown. See 8 Am. & Eng. Enc. Law (2d Ed.) p. 104. The breach of the covenant was sufficiently established, and knowledge of the existence of the right of way by the plaintiff was no defense.

The claim that this road was a public highway has no foundation whatever in the evidence. It is conveyed in the deed to Brown as a private road. The nonsuit was error, and the judgment thereon must be reversed.

Judgment reversed on the law, and new trial granted, costs to appellant to abide the event. All concur.