(86 Misc. Rep. 484)

## MAHONEY v. SIMMS et al.

(Supreme Court, Trial and Special Term, Herkimer County. July 31, 1914.)

1. COVENANTS (§ 39*) — WARRANTY — VISIBLE EVIDENCE OF BREACH — EASEMENTS.

Where a farm, subject to the right to take water from a spring thereon for the benefit of an adjoining farm, was sold with covenants of warranty, that at the time of the sale there existed visible and open evidences of the easement, and that the grantee had knowledge of its existence at the time of its purchase, was no defense to an action for breach of covenant.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 39, 40; Dec. Dig. § 39.*]

2. COVENANTS (§ 102*) — WARRANTY — BREACH — EVICTION — EASEMENT — "REALTY."

Where at the time of the sale of a farm by a deed with covenants of warranty, it was subject to an easement of the right to take water from the spring by means of conduits for the benefit of adjoining land, the water constituted a part of the "realty," and its ownership by another by paramount title constituted an eviction sufficient to sustain an action for breach of covenant of quiet enjoyment and warranty of title.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 157–168; Dec. Dig. § 102.*

For other definitions, see Words and Phrases, vol. 7, p. 5952.]

Action by Daniel Mahoney against Ralph E. Simms, impleaded with George Simms, to recover damages for breach of covenants for quiet enjoyment, freedom from incumbrances and warranty of title in a deed conveying a farm, in that there existed, by grant, an easement to take the water of a spring by a covered conduit. Judgment for plaintiff.

The defendant defends, denying the breach of the covenants, denying the existence of the covenant of freedom from incumbrances, denying fraud on his part in failing to disclose the existence of the easement, and alleging plaintiff's knowledge of the existence of the easement prior to the conveyance to him and absence of proof of eviction.

S. H. Newberry, of Little Falls, for plaintiff.
Robert F. Livingston, of Little Falls, for defendants.

DE ANGELIS, J. The defendant Ralph E. Simms and his brother, George Simms, conveyed the farm in question to the plaintiff by deed of conveyance dated November 29, 1910, recorded in the office of the clerk of Herkimer county January 16, 1911. This deed did not contain a covenant of freedom from incumbrances, but did contain, among other things, covenants stated as follows:

"And the said Ralph E. Simms and George Simms, parties of the first part, do covenant with the said party of the second part as follows: First. That the party of the second part shall quietly enjoy the said premises. Second. That the said Ralph E. Simms and George Simms, parties of the first part, will forever warrant the title to said premises."

It will be observed that these covenants are covenants for "quiet enjoyment" and "warranty of title" adopted and defined by the Legis-

lature in subdivisions 2 and 5 of section 253 and the statutory forms prescribed in section 258 of the Real Property Law. Subdivisions 2 and 5 of section 253 are as follows:

"2. Quiet Enjoyment.—A covenant that the grantee 'shall quietly enjoy the said premises,' must be construed as meaning that such grantee, his heirs, successors and assigns, shall and may, at all times thereafter, peaceably and quietly have, hold, use, occupy, possess and enjoy the said premises, and every part and parcel thereof, with the appurtenances, without any let, suit, trouble, molestation, eviction, or disturbance of the grantor, his heirs, successors or assigns, or any person or persons lawfully claiming or to claim the same."

"5. Warranty of Title.—A covenant that the grantor 'will forever warrant the title' to the said premises, must be construed as meaning that the grantor and his heirs, or successors, the premises granted, and every part and parcel thereof, with the appurtenances, unto the grantee, his heirs, successors or assigns, against the grantor and his heirs or successors, and against all and every person or persons whomsoever lawfully claiming or to claim the same shall and will warrant and forever defend."

The farm in question and an adjoining farm were owned by one Levi Bellinger, and he conveyed the other farm by deed dated February 14, 1876, and duly recorded, to one Benjamin Willcox, which deed contained the grant of the right to use the water of the spring on the farm, the language of the grant being as follows:

"Together with the right to take the water from the spring on the homestead farm of the party of the first part near the line between said farm and Chauncey Cook and to convey the same in logs or conduits to the premises hereby described with the right to enter upon said homestead farm at all times to renew and repair said logs and conduits and to maintain a regular flow of water from said spring."

The summons and complaint were not served upon George Simms, and he did not appear herein. He is not a resident of the state of New York. On the trial a special verdict was taken from the jury, by which they found that the plaintiff had no knowledge of the existence of the easement at the time he purchased the farm, and the damages for the breach of the covenants were fixed at $1,000. The plaintiff asks for the direction of a judgment for $1,000 damages, and the defendant opposes the application, insisting that the easement was open and notorious, and that for that reason there was in law no breach of the covenants, and, further, that there was no evidence of eviction.

The evidence is clear that the owner of the Willcox farm has, by grant, the right to the water of a spring upon the farm in question and to take the water by means of logs or conduits over such farm to the Willcox farm and to enter upon the farm in question at any time to renew and repair the logs and conduits, and to make a regular flow of water from the spring. That right has been exercised many years, and the water of the spring was flowing in the logs or conduits to the Willcox farm when the plaintiff got his deed and took possession of the farm in question.

[1] Assuming there existed some open and visible evidences of this easement at the time of the sale of the farm to the plaintiff, those alone did not deprive the plaintiff of his right to redress for a breach of the covenants. Eller v. Moore, 48 App. Div. 403, 63 N. Y. Supp. 88. Even if the plaintiff had knowledge of the existence of the ease-

ment at the time of his purchase it would not furnish a defense to the action. Eller v. Moore, supra. However this may be, the evidence fully sustains the finding of the jury that the plaintiff had no knowledge of the existence of the easement when he purchased the farm.

[2] The real question in the case is whether or not there was sufficient evidence of eviction by the proof of the existence of the easement by the grant showing a title paramount to that attempted to be given by the deed to the plaintiff and the continued use of the easement at the time plaintiff purchased the farm. The defendant insists that the uncontradicted evidence of the right to the easement held by, and claimed and exercised by, the owner of the Willcox farm to its full extent, by virtue of a grant showing a title to such easement paramount to the title attempted to be given by the plaintiff's deed, did not establish an eviction of any part of the farm conveyed to the plaintiff, and cites and relies upon the case of McMullin v. Wooley, 2 Lans. 394. This case was decided by the old General Term of the Fifth judicial district in 1868, and unless there are authorities outweighing it, I think I should follow it and direct judgment dismissing the complaint.

In 1866 the Supreme Court of Vermont, in Clark v. Estate of Conroe, 38 Vt. 469, at page 475, decided the opposite proposition. The court said:

"To constitute a breach of the covenant of warranty there must have been an eviction either actual or constructive. In regard to constructive eviction the rule would seem to be this: Where at the time of the conveyance the grantee finds the premises in the possession of one claiming under a paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken, without any other act on the part of either the grantee, or the claimant; for the latter can do no more towards the assertion of his title, and as to the former the law will compel no one to commit a trespass in order to establish a lawful right in another action. Rawle on Cov. 225. The paramount title of Sullivan, with his actual possession under it, was of itself a breach of the covenant of warranty."

This was said of an easement by which the water of a spring was taken, substantially identical with the easement in question.

The reasoning in Rea v. Minkler, 5 Lans. 196, seems opposed to that in the McMullin Case, although the court stated that the decision in the latter was not in conflict with that of the former, and there appears to be some slight difference between a right of way as an easement and the evidence of its existence afforded by its use, and a covered conduit carrying water from a spring.

In Shattuck v. Lamb, 65 N. Y. 499, 22 Am. Rep. 656, decided in 1875, the reasoning supports the plaintiff's contention and the doctrine of Clark v. Estate of Conroe, supra, is stated with approval at page 509, of 65 N. Y.

In Scriver v. Smith, 100 N. Y. 471, at page 477, 3 N. E. 675, at page 676 (53 Am. Rep. 224), decided in 1885, Judge Earl, speaking for the Court of Appeals, said, citing authorities:

"It has also been held that, where there is an outstanding title to an easement in the premises conveyed, which materially impairs the value of the premises and interferes with the use and possession of some portions thereof, the covenant is broken although there is not a technical physical ouster from the actual possession of any portion thereof."

It seems to me that the spring water of the spring was the spring, that it was part of the real estate, and its ownership by another under a grant and a title paramount to that given to the plaintiff under his deed was a constructive eviction from that part of the farm attempted to be conveyed, and justified this action for a breach of the covenants of quiet enjoyment and warranty of title.

It follows that judgment should be ordered for the plaintiff upon the special verdict.

Ordered accordingly.