■ JOSEPH J. TOMANEK et al., Respondents, v STANLEY T. SHUMWAY, JR., et al., Appellants. [670 NYS2d 280] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied that part of the motion of defendants for partial summary judgment on their 10th affirmative defense and counterclaim. Plaintiffs commenced this action to enforce restrictive covenants that appear in the chain of title for real property purchased by defendants Kathleen A. Davoli Shumway and Stanley T. Shumway, Jr. (Shumways), from plaintiffs Joseph J. and Diane F. Tomanek (Tomaneks). The restrictions prohibit the placement of trailers on the property and require a minimum size and cost for dwellings. Defendants allege in their 10th affirmative defense and counterclaim that, by commencing this action to enforce the restrictive covenants, the Tomaneks thereby breached the covenants of quiet enjoyment and warranty of title in the Shumways' deed.

It is well settled that the restrictive covenants at issue are violated " 'only by an eviction, actual or constructive, from the premises conveyed, or some portion thereof' " (*Rajchandra Corp. v Tom Sawyer Motor Inns,* 106 AD2d 798, 801, quoting *Scriver v Smith,* 100 NY 471, 477; *see also, Eller v Moore,* 48 App Div 403, 405). Defendants failed to establish their entitlement to judgment as a matter of law on their 10th affirmative defense and counterclaim. Material issues of fact exist whether the enforcement of the restrictions on the Shumways' property would "substantially impair[ ] the value of the property and use or enjoyment thereof" and thus constitute a constructive eviction (*White v Long,* 204 AD2d 892, 894, *mod on other grounds* 85 NY2d 564).

We reject the further contention of defendants that they were entitled to partial summary judgment on their ninth affirmative defense, which asserts that the restrictive covenants are void because they violate the common-law rule barring unreasonable restraints on the alienation of property. Those restrictive covenants restrict only the use by the Shumways of their property and impose no restraints on its transfer or alienation (*see, e.g., Wildenstein & Co. v Wallis,* 79 NY2d 641, 648; *Metropolitan Transp. Auth. v Bruken Realty Corp.,* 67 NY2d 156, 161-162). Because the ninth affirmative defense is, as a

matter of law, without merit, we search the record and grant partial summary judgment to plaintiffs dismissing that defense (*see*, CPLR 3212 [b]; *Merritt Hill Vineyards v Windy Hgts. Vineyard*, 61 NY2d 106, 111). We therefore modify the order by granting plaintiffs partial summary judgment dismissing the ninth affirmative defense. (Appeal from Order of Supreme Court, Seneca County, Bender, J.—Summary Judgment.) Present—Denman, P. J., Lawton, Balio, Boehm and Fallon, JJ.