LUTHER PARK *v.* WILLARD BATES.

In an action on a covenant of warranty of land, it is not necessary to prove an eviction when the grantee has never had possession of the land. It is sufficient, to maintain such action, that the grantee commenced an action of ejectment against the person in possession, gave notice to the warrantor and failed to establish a title.

In such case, the rule of damages, on this covenant, is the value of the land at the time when the decision was made against the title of the warrantor.

THIS was an action of covenant broken, in which the plaintiff declared in four counts, upon the covenants in a deed, executed, by the defendant, to the plaintiff, on the 26th of January, 1829, of a lot of land in Stamford.

The first count was upon the covenant of seizin; the second and third were upon the covenant of warranty, and the fourth was upon the covenant that the land was free and clear from all incumbrances.

The defendant pleaded that he had kept and performed all and each of said covenants, &c., and issue was joined to the jury.

Upon the trial in the county court, the plaintiff relied upon the second and third counts, only, and to support the issue on his part gave in evidence the deed declared upon, and al-

so the record of a judgment, rendered by the county court, at their April term, 1834, in an action of ejectment,commenced by Park, the plaintiff, against one Jonas Camp, to recover the seizin and possession of the same land described in the above-mentioned deed from the defendant to the plaintiff, in which action the said Camp recovered a final judgment against the plaintiff.

It appeared that the land in question was a wood lot and that the plaintiff had never heen in possession of it ; that soon after the commencement of the suit in favor of the plaintiff against Camp, the plaintiff caused a copy of the writ in that suit, together with a citation from the plaintiff to the defendant in this suit, to be duly served upon this defendant, requiring him to appear before said county court at the said April term, 1834, and take upon himself the burthen of prosecuting said suit and make good his covenant of warranty to the plaintiff, which the defendant neglected to do.

Upon this evidence the defendant requested the court to charge the jury that the rule of damages was the consideration money in the deed, and interest thereon from the date of the deed. But the court charged the jury, that, if they found for the plaintiff, the rule of damages would be the value of the land at the time of the eviction and the interest thereon.

The jury returned a verdict for the plaintiff,and the defendant excepted to the charge of the court.

*D. Robinson Jr.* and *U. M. Robinson*, for Defendant.

It was conceded by the counsel for the defendant, that the jury might find, as damages, the consideration paid by the plaintiff, and interest, being the value of the land as agreed upon by the parties.

The plaintiff complains, in his third count, that at the time of executing the deed, and for a long time before, one Camp was in the *actual possession* of the land, holding the same *adversely* to the defendant.

This would constitute a breach of the covenant of seizin, first declared upon, and a suit could have been instituted forthwith by him. *Garfield* v. *Williams*, 2 Vt. R. 329.

But the plaintiff claims that this is also an *eviction*, and a breach of the covenant of *warranty*.

The question then would be, will the law give to him the

option, on trial, of varying the rule of damages? We contend
that it will not, as the *iujury,* the *damages* and the *contract*
are the same. *Summer* v. *Williams,* 8th Mass. 222. *Pit-*
*cher* v. *Livingston,* 4 Johns. 89. 1 Swift's Dig. 674.

If the adverse possession of Camp constitutes the *eviction,*
the eviction was at the *same time* of giving the deed, and
the damages must be the value of *the land* at the *same time.*
*Marston* v. *Hobbs,* 2 Mass. 440.

The record of the suit of *Park* v. *Camp* is not evidence
of an *eviction.* No writ of possession could turn Park out of
possession, as in the case of *Clark* v. *Williams,* 1 Aik R.
233. 17 Mass. R. 220.

If plaintiff was *evicted* by the adverse possession of Camp,
it is fallacious to contend that he was evicted a second time.
At common law, upon voucher, or upon a writ of *warrantia
chartæ* the judgment recovered of the warrantor, was for
other lands of equal value with the lands from which the
feoffee was evicted. 4 Kent's Com. 474. 4 Dallas, 442.
Swift's Dig. 673. 4 Johns' R. 23. *Marston* v. *Hobbs,* 2
Mass. 437.

When personal covenants were introduced as a substitute
for the remedy on the voucher and warranty, the rule of
damages was not varied nor affected. 4 Kent's Com. 474.

In New-York and Pennsylvania, the court consider the mod-
ern covenants of seizen, for quiet enjoyment, and that the gran-
tor has lawful right to sell, as analogous to the ancient cov-
evant of warranty and substituted for it, and have adopted
the common law rule. Swift's Dig. 673.

In other states, the measure of damages on a total failure
of title, even on the covenant of warranty, is the value of
the land at the execution of the deed, and the evidence of
that value is the consideration money, interest and cost.
4 Kent's Com. 475.

This appears to be the general rule in this country. 4.
Kent Com. 475, note a. b. c.

The courts of Massachusetts and Connecticut have adopt-
ed a different rule from that of the common law, that is, the
value of the land at the time of eviction. The reasons
of this departure from the common law, were, that in the
first settlement of the country, the value of the land con-
sisted, chiefly, in the improvements made by the tenants,

and it was considered that where the' purchaser went into possession and improved and made the land better, he ought to have the value of his *improvements* secured to him. *Hunford* v. *Wright,* Kirby's Rep. 3. *Gore* v. *Brazier,* 3 Mass. R. 545.

The reason which operated with the courts of those states to change the common law rule, are not applicable to cases like the one now before the court. In this case the land is incapable of being made better,—the plaintiff has made no improvements, he did not go into possession and could not have been *turned out of possession.* 17 Mass. R. 220.

The rigid rules adopted in Massachusetts and Connecticut, relating to covenants in a deed, have never been enforced in this state. See Chipman's R. 110. *Garfield* v. *Williams,* 2 Vt. R. 327. *Catlin* v. *Hurlbut,* 3 Vt. R. 403. *Richardson* v. *Dorr,* 5 Vt. R. 19. *Williams* v. *Wetherbee,* 2 Aik. R. 329.

In this state, the law relating to betterments supersedes the *reasons* for the rule adopted in Massachusetts and Connecticut. The tenant is secured for his improvements if turned out of possession. Statute, 182.

In cases like the one now before the court, the rule of the common law, and the one most prevalent in the country, which obliges the grantor to refund what he has received, with the interest, is as equitable as any that ever has been established. 4 Johns. R. 12. 4 Kent's Com. 478.

In the sale of lands in this state, it is not contemplated, by either party, that the grantor is liable to pay the increased value of the land by the *improvements* made by the grantee; the case of betterments secures this to the grantee. Much less do parties expect to be liable for ideal worth, arising from causes not known at the time of making the deed. *Staats* v. *Ten-Eyk,* 3 Caines' R. 111. 4 Dallas, 442.

*J. S. Robinson* and —— *Lyman* for plaintiff.

It is contended that the charge of the court below, that the rule of damages, for a breach of the covenant of warranty, was the value of the land at the time of the eviction, was correct.

1. The case shows an eviction, or what was tantamount to an eviction. *Fisher* v. *Prosser,* Cowp. 218. *Helling* v.

Bennington,
February,
1840.

Park
v.
Bates.

*Bird,* 11 East, 49. *Gore* v. *Brazier,* 3 Mass. 523. *Duval* v. *Craig et al.,* 2 Wheat. 61, *Michael* v. *Warner,* 5 Conn. 521. *Williams* v. *Wetherby,* 1 Aik. R., 233. *Phelps* v. *Sawyer,* 1 Aik. R. 150. D. Chip. R. 110. 17 Mass. R. 586.

2 The rule of damages, as adopted by the court below, is in conformity to all previous decisions in this state. *Drury et al.* v. *Shumway,* D. Chip. R. 110. *Williams* v. *Wetherby,* 2 Aik. R. 329. The same rule has been adopted in Connecticut ; and also in Massachusetts. *Gore* v. *Brazier,* 3 Mass. 523, and other cases there cited. *Bigelow* v. *Jones,* 4 Mass. 512. *Caswell* v. *Wendell,* 4 Mass. 108.

3 The cases in New York and Pennsylvania, which establish a different rule of damages, are upon covenants of seizin and quiet enjoyment, which go to protect the possession. 3 Caines' R. 111. 4 Johns. R. 1.

But the covenant of warranty, in this state, extends not to the possession, merely, but to the land and the estate in it. *Williams* v. *Wetherby,* 2 Aik. R. 329. See, also, 6 Cowen's R. 126.

The opinion of the court was delivered by

WILLIAMS, CH. J.—The defendant, upon the trial below, insisted that the rule of damages, upon a breach of the covenant of warranty, was the consideration in the deed and the interest, and no more. Whether the court gave the true rule of damages, in their charge to the jury, is the question now before us. The argument has taken a somewhat wider range and it has been contended that there has been no eviction so as to give a remedy on the covenant of warranty, and several cases have been referred to, where it has been said, there can be no recovery on the covenant for quiet enjoyment unless there has been an eviction. Those remarks were true, as applicable to those cases. When the grantee goes into possession under his deed, he can maintain no action on this covenant, unless there is an eviction. Speaking technically, there has been no eviction here, because an eviction means an entry and expulsion. But there are many cases where an action may be maintained on this covenant, without such an eviction, when the grantee has been prevented from entering and enjoying the premises. In arguing the case of *Whitbeck* v. *Cook,* 15 Johns. 483,

Bennington, the attorney-general, Mr. Talcot, took 'the ground, that, be-
February,      cause the grantee could not get into possession of his land,
1840
———————    there was no breach of the warranty. In the case of *Holder*
Park          v. *Taylor*, Rol. Abr. 520, which was covenant on a lease,
v.            by the word demise, it was objected that no action would lie,
Bates.        because there was no expulsion. The court held that the ac-
tion could be maintained, and that it was not reasonable to
require the lessee to enter and re-commit a tresspass ; but
they add that if it was an express covenant, *perhaps* it might
be otherwise. The case of *Cloake* v. *Hooper*, found in 6
Viner, 427, was an express covenant for quiet enjoyment.
The plaintiff set forth, in his declaration, that the lands
belonged to the King, who had conveyed them to J. S.—
The defendant demurred, because the plaintiff did not al-
lege an entry by himself, and so could not be disturbed. The
court held the declaration good, for, having set forth a title in
the patentee of the King, the plaintiff should not be enforced
to enter and subject himself to an action, by a tortious act, and
rendered judgment for the plaintiff. This principle was
recognized in the case of *Hacket* v. *Glover*, 10 Mod. 142. In
the case of *Ludwell* v. *Newman*, 6 Term, 458, the breach
alleged, was, that there had been a previous demise, and the
plaintiff had brought an action of ejectment and had failed to
recover, and was never in possession. The case of *Hawkes*
v. *Orton*, 5 Adol. & Ellis, 367, which was covenant for
quiet enjoyment, the plaintiff alleged an entry by himself,
and an expulsion by the defendant ; the entry and expulsion
were traversed, and the evidence was, that the plaintiff went
with intent to take possession and was refused. Lord Abin-
ger permitted the case to go to the jury, on this evidence,
as evidence to support the issue. The plaintiff contended
that it was an eviction in point of law ; the court held the
evidence did not prove the breach, as stated in the declara-
tion, to wit, an entry and eviction, but clearly intimated
that if the facts had been properly stated, there might have
been a recovery. In 5 Went. Pleading, p. 53, there is a
form of a declaration in an action of covenant where the
breach assigned, is, that the plaintiff was hindered and pre-
vented from entering, and was kept out of possession. I ap-
prehend, therefore, that on the covenant for quiet enjoy-
ment, and *a fortiori*, on this covenant of warranty, *it is not*

BENNINGTON,
February,
1840.

Park
v.
Bates.

necessary to state, or prove, a technical eviction, but the action may be maintained if the plaintiff is hindered and prevented, by any one, having a better right, from entering and enjoying the premises granted. The evidence was sufficient, in this case, to warrant a recovery by the plaintiff on the covenant of warranty.

On the subject of damages, the rule has been different in different states, and wherever the subject has been discussed, many fancied inconveniences and hardships have been supposed, as a reason for adopting one rule, rather than the other, and, particularly, it has been supposed that the rule which has prevailed in this, and some of the neighboring states must, in the fluctuations and changes in value to which lands are exposed, be ruinous in its consequences. In answer to this, I can only say that the rule of damages, in actions on covenants of warranty, was established at an early day in this state, as we learn from the case of *Strong* v. *Shumway*, D. Chip. R. 110, and none of these inconveniences or ruinous consequences have been experienced. The rule is, to give the value of the land, at the time of the eviction, without regard to the consideration of the deed, and it may be more, or less, than the consideration ; and, to me, it appears to be more in consonance with the principles of law, as applicable to other subjects, and more just and equitable in its application than any other rule.

The general rule, in all actions of covenant, is, to make the party good, or place him in as good a situation as he would have been in had the covenant been performed. The covenant of warranty is both for the title and possession, and is prospective. It is similar to the covenant contained in the charter of feoffment, or more like the covenant contained in a fine In *Wotton* v. *Hele*, 2 Saund. 175, there is a declaration on a covenant of warranty contained in a fine, where the warranty is nearly in the same words as used in our deeds of conveyance. It imposes an obligation on the party covenanting to establish and prove a lawful right and title to the premises, when called on, legally, so to do, and, in this respect, it is similar to the ancient warranties. Lord Ellenborough, in the case of *Howell* v. *Richards*, 11 East, 633, considered the covenant for quiet enjoyment, as " an assurance against the consequences of a defective title, and of any

BENNINGTON, February, 1840.

Park.
v
Bates.

disturbance thereon," and that it is in the nature of a stipulation to indemnify. The grantor may know his defective title, and, at the same time, calculate there will be no disturbance, and the title become perfect, and be willing to take upon himself the risk of indemnifying his grantee. If the covenant was to convey land at any future time, there can be no question that the damages for a breach would be the value of the land at the time the conveyance was to be made. This was said to be the rule of damages for a breach of a contract to convey real as well as personal estate. *Hopkins* v. *Lee*, 6 Wheaton, 109. On the covenant for further assurance, Mansfield, Ch. J., in the case of *King* v. *Jones*, 5 Taun. 418, intimated that a recovery for the whole value of the estate might be had, if the other party would not convey. The rule of damages on the covenant for quiet enjoyment was evidently considered as unsettled, in England, when the case of *Lewis* v. *Campbell*, 8 Taun. 715, was tried. The jury, at first, gave the whole value of the land, including the value of the improvements, being £300 for the value, and £450 for improvements. It was held that the value of the improvements could not be recovered under that declaration, inasmuch as the form in which the special damages were assigned did not embrace those improvements. The Chief Justice expressed a doubt whether they could be recovered in any form; but I should infer the other judges were inclined to the opinion that they might have been recovered if properly stated. I can find no case, in the English authorities, in which the consideration, expressed in the deed, has been considered as the rule of damages. It can be considered only as one evidence of value, and is no more conclusive in the sale of real, than personal estate. Neither in the case of *Wotton* v. *Hele*, or of *Lewis* v. *Campbell*, above named, was there any regard paid to the consideration expressed in the deed. The rule of the civil law was similar to ours, that the seller was bound to make good the value of the thing sold, at the time of the eviction, whether it was more or less than the value at the time of the sale, and it is said that, in the early age of the feudal law, on the continent, the lord was bound to recompense his vassal, on eviction, with other lands equal in value to the value of the feud, at the time of eviction. The rule in France is, or was,

similar to ours, according to Pothier. The rule as to a re- <span>Bennington,<br>*February,*<br>1840.</span>
compense in value, may have been different upon the writ of
*warrantia chartæ.* It is certain there could be no recovery
for the increased value in consequence of the discovery of a
mine, or the erection of buildings, or for the increased value
of a wardship in consequence of a subsequent descent of
other lands to the ward, if this was set forth in a plea, and
the warranty was not entered into generally. But I do not
know that the warrantee had the whole benefit of the rise in
value of the land, and that he could satisfy his warranty,when
his tenant was evicted of forty acres of land, with twenty
acres of the same quality, and possibly laying adjoining the
other, because the value had increased in that proportion.
When the tenant availed himself of his warranty by way of
rebutter, he retained the whole land, notwithstanding the in-
creased value, and on a warranty contained in an exchange,
it was said, in *Bustard's* case, 4 Coke, 122, a man shall reco-
ver, in value, according to the value which he lost. And
it is said by Perkins, that if two exchange, and then one ali-
ens and the other vouches him, being impleaded, he shall re-
cover, in value,the land given in exchange. 22 Viner,140. I am
aware it has been said that the remark in *Butard's* case was
extrajudicial; but if so, it is, at least, evidence of what was
understood by a recovery in value, in case of an exchange,
by lord Coke, and, on that account, is entitled to some con-
sideration.

It may, however, be immaterial, at this day, to determine
how the value was ascertained in the writ of *warrantia char-
tæ* ; perhaps there was no case where the land had risen in
value so as to render the enquiry of any importance. In the
action of covenant, in England, it does not appear to be set-
tled that the rule of damages is the consideration of the deed,
with the interest, though it may be the value at the time of
making the covenant. Yet the rule *is* settled here, and we
are not at liberty to alter it and make a new law upon the
subject. The practical effect, under our betterment act, is
only to give the value of the land in the situation it was
in, when granted, as the buildings and improvements are
usually paid for by the owner of the land when he ejects the
person in possession, who entered under a deed. The
judgment of the county court is therefore affirmed.