DARWIN SHATTUCK, Appellant, *v.* GILBERT LAMB, Respondent.

Where, at the time of the execution of a deed, the premises are in the possession of a third person holding under paramount title, and the grantee in consequence is defeated in legal proceedings to obtain possession, and is kept out of possession, this is a breach of a covenant of quiet enjoyment contained in the deed, and the grantee may maintain an action thereon. (DWIGHT, C., dissenting.)

The rule requiring actual eviction before a recovery can be had upon

such a covenant does not apply. If the covenantee is kept out by means of a superior title, this is equivalent to an eviction, and gives effect to the covenant. (DWIGHT, C., dissenting.)

*Kortz* v. *Carpenter* (5 J. R., 120) overruled; *Waldron* v. *McCarty* (3 id., 471) distinguished; *Beddoe's Executor* v. *Wadsworth* (21 Wend., 120) limited; *Rindskopf* v. *Farmers' Loan and Trust Company* (58 Barb., 36) limited and distinguished.

The authorities as to what constitutes a breach of the covenant of quiet enjoyment, collated.

(Argued May 7, 1875; decided June term, 1875.).

APPEAL from judgment of the General Term of the Supreme Court in the fourth judicial department in favor of defendant, entered upon an order denying a motion for judgment upon a verdict rendered for the plaintiff at the Circuit, subject to the opinion of the court at General Term, and directing judgment for defendant.

This action was brought to recover damages for an alleged breach of the covenant of warranty of quiet enjoyment in a deed made by the defendant to the plaintiff for a lot of land described as containing twenty acres, situate in Yates county. The covenant was in the following terms: "And the said party of the first part does hereby covenant and agree to and with the said party of the second part, his heirs and assigns, that the premises thus conveyed in the quiet and peaceable possession of the said party of the second part, his heirs and assigns, he will forever warrant and defend against any person whomsoever, lawfully claiming the same or any part thereof."

At the time of the execution and delivery of the deed, one Henry Campbell was in the possession of two and nineteen one-hundredths acres of the land purported to be conveyed. Campbell claimed title under the heirs of one Walker, through whom Lamb also claimed. In 1868, the plaintiff entered upon the two and nineteen one-hundredths acres for the purpose of making a survey and locating the east line of the lot, Campbell, being at the time of the entry in possession, claiming title. Campbell thereupon brought an action of trespass against Shattuck before a justice of the peace, for entering

upon the two and nineteen one-hundredths acres. The latter put in an answer of title, whereupon the action was discontinued and proceedings commenced in the Supreme Court for the same cause of action. Due notice of this action was given by Shattuck to Lamb, who was requested to defend this action. Before this trespass case was tried, Shattuck commenced an action of ejectment against Campbell to recover possession of the two and nineteen one-hundredths acres. Issue was joined, and at a Circuit commenced in Yates county, in October, 1869, judgment was given for the defendant, on the ground that Shattuck had no title to the premises in controversy, by virtue of his conveyance from Lamb or otherwise. Lamb was a witness for the plaintiff in that action. The trespass suit was also decided at the same Circuit in Campbell's favor.

Upon these facts the court on trial of this action directed a verdict for plaintiff, subject to the opinion of the court at General Term; a verdict was rendered accordingly. The General Term disposed of the case, upon the ground that plaintiff never having had actual possession, and so not having been evicted, could not maintain the action.

*David B. Prosser* for the appellant. The covenants in the deed from Lamb to plaintiff were general, and extended to any and every lawful disturbance of plaintiff in the possession of said premises or any part thereof. (*Rickert* v. *Snyder*, 9 Wend., 416; *Fowler* v. *Poling*, 6 Barb., 165; *Webb* v. *Alexander*, 7 Wend., 281.) Possession by Campbell at the time of the conveyance by Lamb to Shattuck under a paramount title was of itself an eviction by paramount title, and constituted a breach of the covenant for quiet enjoyment and warranty in the deed from Lamb to plaintiff. (*Grist* v. *Hodges*, 3 Dev. [N. C.], 200; Rawle on Cov. for Title, 152–172, and notes [4th ed.]; *Duval* v. *Craig*, 2 Wheat., 62; *Noonan* v. *Lee*, 2 Black. [N. S.], 507; *Curtis* v. *Deering*, 12 Me., 501; *Blanchard* v. *Blanchard*, 48 id., 174; *Phelps* v. *Sawyer*, 1 Aik. [Vt.], 158; *Park* v. *Bates*, 12 Vt., 381; *University of Vt.* v. *Joslyn*,

21 id., 52; *Clark* v. *Conroe,* 38 id., 475; *Russ* v. *Steele,* 40 id., 315; *Loomis* v. *Bedell,* 11 N. H., 74; *Miller* v. *Halsey,* 2 Green [N. J.], 59; *Gardner* v. *Keteltas,* 3 Hill, 330; *Small* v. *Reeves,* 14 Ind., 164; *Wilder* v. *Ireland,* 8 Jones' L. R. [N. C.], 87; *Randolph* v. *Meeks,* N. & Y. [Tenn.], 58; *Cadwell* v. *Kirkpatrick,* 6 Ala., 60; *Banks* v. *Whitehead,* 7 id., 83; *Dennis* v. *Heath,* 11 S. & M. [Miss.], 206; *Witty* v. *Hightower,* 12 id., 478; *Cummins* v. *Kennedy,* 3 Little [Ky.], 123; *Barnett* v. *Montgomery,* 6 Mon. [Ky.], 328; *Palyter* v. *Cunningham,* 21 Cal., 229; *Moore* v. *Vail,* 17 Ill., 185; *Murphy* v. *Price,* 48 Mo., 250; *Rea* v. *Minkler,* 5 Lans., 196; *Platt* on Cov., 327; *Ludwell* v. *Newman,* 6 T. R., 458; *Waldron* v. *McCarty,* 3 J. R., 491; *Kortz* v. *Carpenter,* 5 id., 120; *Kerr* v. *Shaw,* 13 id., 236; *St. John* v. *Palmer,* 5 Hill, 599; *Winslow* v. *McCall,* 32 Barb., 241; *Hunt* v. *Amidon,* 4 Hill, 345; *Cowdrey* v. *Coit,* 44 N. Y., 382; *Duval* v. *Craig,* 2 Wheat., 45.)

*Charles G. Judd* for the respondent. The covenant for quiet enjoyment could only be broken by an actual eviction or actual ouster after possession had been taken by the covenantee. (*Rindskopf* v. *F. L. and T. Co.,* 58 Barb., 36, 49; *Kerr* v. *Shaw,* 13 J. R., 236; *Waldron* v. *McCarty,* 3 id., 471; *Kortz* v. *Carpenter,* 5 id., 120; *Webb* v. *Alexander,* 7 Wend., 281, 284; *St. John* v. *Palmer,* 5 Hill, 599; *Beddoe* v. *Wadsworth,* 21 Wend., 125; *Kelly* v. *D. Ch. Schenectady,* 2 Hill, 111; *Fowler* v. *Poling,* 6 Barb., 165, 170, 172; *Blydenburgh* v. *Catheal,* 1 Duer, 176, 195; *Winslow* v. *McCall,* 32 Barb., 241; *Frisbee* v. *Hoffnagle,* 11 J. R., 50; *Vandekarr* v. *Vandekarr,* id., 122; *Jackson* v. *Rice,* 3 Wend., 182; *Rickett* v. *Snyder,* 9 id., 422.)

EARL, C. The action was to recover damages for an alleged breach of the usual covenant of warranty for quiet enjoyment contained in a deed, made by defendant to plaintiff, of land situate in Yates county. At the time of the execution of the deed, a portion of the land was in the actual

possession of one Campbell, under paramount title, and the plaintiff was not able to obtain possession of such part. He once entered upon the land and Campbell sued him for trespass and recovered on the strength of his title. During the pendency of that suit, plaintiff sued Campbell in ejectment and was defeated by his superior title. Plaintiff gave defendant notice of both actions, and requested his assistance in prosecuting the one and defending the other. A verdict having been taken for plaintiff at the Circuit, he was defeated and judgment given to the defendant at the General Term, upon the sole ground that plaintiff never having been in possession of the land had not been evicted therefrom, and hence that there was no breach of the covenant.

The sole question, therefore, for our consideration is, whether the covenant for quiet enjoyment in a deed of land is broken, so as to enable the covenantee to maintain an action thereon, where the land at the time of the execution of the deed was in the possession of a third person under paramount title, and thus the covenantee was unable to obtain possession? This question is not free from doubt under the decisions of the courts of this State. The language of the covenant is broad enough to cover a case like this, as well as one where the covenantee has obtained possession and has then been evicted by one having a superior title. There is just as much reason for applying it to one case as the other, and both cases seem to be equally within the presumed intention of the parties. The rule that there must be an eviction before there can be a recovery upon such a covenant has its foundation in the reason that the covenantee who has obtained possession should not be permitted to recover for breach of covenant for a mere failure or defect of title, so long as he is left in possession, as he may never be disturbed, and thus may never suffer damage; and the rule had its origin and was first announced, at a time when conveyances of land were made by livery of seizin, and possession always accompanied the transfer of title. It is not applicable to a case where the covenantee has not been able to obtain possession

for the reason that another was in possession under paramount title. There must doubtless be in every case, what is equivalent to an eviction. The covenantee must be either kept out or put out of possession. In the former case there is a *quasi* or constructive eviction sufficient to give effect to the covenant.

The only case which I have been able to find decided, either in England or this country, which is nearly, if not quite in point for the defendant, is that of *Kortz* v. *Carpenter* (5 J. R., 120). That was an action for breach of a covenant for quiet enjoyment, and the declaration alleged a breach of this covenant, " and that the premises described, etc., at the time of executing the deed, and a long time before, etc., to wit, time out of mind, were adversely, by lawful title and right, held, possessed and enjoyed by the proprietors and claimants of the great or Hardenbergh patent, etc., and so the plaintiff says," etc. The defendant demurred to the declaration, because the plaintiff alleged " no eviction, nor any disturbance to or interruption of the plaintiff in the enjoyment of the premises, nor any act alleged to have been done in relation to the premises since the deed was executed." There was joinder in the demurrer, and the case was disposed of by a *per curiam* opinion, as follows : " This case cannot be distinguished from that of *Waldron* v. *McCarty* (3 J. R., 471). The covenant for quiet enjoyment goes to the possession and not to the title. It appears to be a technical rule that nothing amounts to a breach of this covenant but an actual eviction or disturbance of the possession of the covenantee. (8 Co., 89, *b ;* Comyn's Rep., *Anon.,* 228.) The defendant is therefore entitled to judgment." That case seems to have been summarily disposed of, and for the broad doctrine laid down there was little or no authority. In the case of *Waldron* v. *McCarty*, the covenantee obtained possession of the premises, and was in the possession when he sued for breach of the covenant, never having been evicted, and hence that case was entirely unlike the later one for which it was cited as authority. The case of *Kortz* v. *Carpenter* was unlike the one now

under consideration in this, that in that case there was no
allegation that the covenantee had made any efforts or taken
any legal proceedings to obtain possession; and that consider-
ation may have influenced the decision, for at that time it was
supposed that there must have been an eviction by process of
law before suit could be maintained upon such a covenant.
(*Greenby* v. *Wilcocks*, 2 J. R., 1; *Lansing* v. *Van Alstyne*, 2
Wend., 564.) It has, however, since been settled in this State
that there need be no eviction by process of law, but that a
covenantee may voluntarily surrender possession to one having
paramount title, and then maintain his action for breach of
covenant. (*Greenvault* v. *Davis*, 4 Hill, 643; *St. John* v.
*Palmer*, 5 id., 600; *Fowler* v. *Poling*, 6 Barb., 165.) That
case has never been followed in this State in any reported
cases where the precise question was involved, but it has
received some countenance in the *dicta* of learned judges.
In *Beddoe's Executor* v. *Wadsworth* (21 Wend., 120), COWEN,
J., says: "No possession ever having been taken under the
deed, there could be no actual eviction, which is said to be
essential to a recovery upon a covenant of warranty." In
*St. John* v. *Palmer* (*supra*), BRONSON, J., says: "If the cove-
nantee never had the possession, or if he had the possession
and retains it still, it is impossible that there should have
been an eviction, and no action will lie, however hard the case
may seem to be." In the case of *Rindskopf* v. *Farmers'
Loan and Trust Company* (58 Barb., 36) there was a general
covenant to warrant and defend the premises conveyed against
all lawful claims, and it was held that this included the cov-
enant for quiet enjoyment. In that case, the deed containing
the covenant was executed in 1852, when third parties were
in the adverse possession of the premises conveyed. No
actions were commenced to recover the possession until 1867,
when the parties in possession succeeded upon their adverse
possession. JOHNSON, J., writing the opinion, after saying,
that as there had been no possession under the conveyance,
there could have been no eviction, says: "The plaintiff, and
others claiming under or through Friselle (defendant's

grantee), have not lost their land by a title paramount existing at the time the covenant in question was made by the defendant, but by their own laches in suffering an imperfect and inferior claim of title to become a legal title paramount to theirs."

On the contrary, in *Withers* v. *Powers* (2 Sandf. Ch., 350, note), it was held, that "an eviction is established by proof, that at the time of the purchase, the lands sold were actually occupied under a valid hostile title, so that the purchaser could not obtain possession of the same, and whereby he never did obtain actual possession." That was not an action upon any covenant, and is valuable only as some authority defining what may constitute a legal eviction. In *Gardner* v. *Keteltas* (3 Hill, 330), NELSON, Ch. J., says: "The covenant of quiet enjoyment means to insure to the lessee a legal right to enter and enjoy the premises, and if he is prevented from entering into the possession by a person already in, under a paramount title, the action may be sustained. That was decided in *Ludwell* v. *Newman* (6 T. R., 458). In such a case no ouster or expulsion is necessary on which to predicate a suit, as the lessee is not bound to enter and commit a trespass." In *Winslow* v. *McCall* (32 Barb., 241) the action was for breach of covenant of warranty and quiet enjoyment, and the premises conveyed were, at the time of the conveyance, in the possession of a third person, and the covenantee was never actually in the possession, yet it was held that he could recover.

It will thus be seen that the rule to be applied to such a case as this is not thoroughly settled in this State; at least not so thoroughly settled as to forbid further consideration. The claim that an action for breach of covenant for quiet enjoyment cannot be maintained when, at the time of the conveyance, the premises were actually in the possession of a third person under a paramount title, and the covenantee has not been able to obtain possession, has received but little countenance outside of this State. The rule is otherwise in England, as was admitted by Judge COWEN, in *Beddoe's Executor* v.

*Wadsworth* (21 Wend., 126). In *Clarke* v. *Harper* (found in 6 Vin., 427), the action was upon an express covenant for quiet enjoyment. The plaintiff set forth in his declaration that the lands belonged to the king, who had conveyed them to J. S. The defendant demurred because the plaintiff did not allege an entry by himself, and so could not be disturbed. The court held the declaration good for having set forth a title in the patentee of the king, that the plaintiff should not be enforced to enter by a tortious act, and rendered judgment for plaintiff. This same principle was recognized in *Hacket* v. *Glover* (10 Mod., 143); and in *Ludwell* v. *Newman* (6 T. R., 458), it was decided that a covenant for quiet enjoyment in a lease meant a legal entry and enjoyment, and was broken by a prior lease to another who had taken possession. In 5 Wentworth's Pleadings (53,) a work published in the latter part of the last century, there is a form of declaration in an action of covenant where the breach assigned is, that the plaintiff was hindered and prevented from entering and was kept out of possession. In Platt on Covenants (327), it is said, that to qualify a party to support an action on a covenant for quiet enjoyment some positive act of molestation or some deed amounting to a prohibition of enjoyment must be proven, but that "it is not to be understood that an ouster or expulsion must take place in order to found a suit; it is enough that the quiet enjoyment of the covenantee be invaded or prevented."

The rule, as thus shown to exist in England, has been generally followed in this country. In *Caldwell* v. *Kirkpatrick* (6 Ala. [N. S.], 60) the covenantee was never in possession, and it was held that to constitute a breach of the warranty for quiet enjoyment it is not necessary there should be an actual expulsion, and that the covenant secures a legal entry as well as the enjoyment. In *Banks* v. *Whitehead* (7 Ala. [N. S.], 83) it was held that, in an action of covenant upon a general warranty, the averment that at the sealing and delivery of the deed one N. had the lawful title, freehold and possession of the land warranted, and still continues so to have by reason thereof, the grantee is, and always has been, unable to recover

possession," shows a sufficient breach of the covenant and is equivalent to the assertion of a legal ouster. In *Murphy* v. *Price* (48 Missouri, 247) the same rule was laid down in a case where the covenantee could not obtain possession. In *Moose* v. *Vaile* (17 Ill., 185) it was held that if, at the time a conveyance is made, the premises conveyed are actually in the possession of a third party claiming under a paramount title, it amounts to an eviction *eo instanti*. And there was the same holding in *Playter* v. *Cunningham* (21 Cal., 229), in the case of a lease containing a covenant for quiet enjoyment. In *Cummings* v. *Kennedy* (3 Littell [Ky.], 118) the learned judge writing the opinion forcibly says: " According to our rules, if the covenantee has possession and another brings his action and evicts him he sues on his covenant, and on proving that he gave notice of the action of eviction against him to his warrantor so as to enable him to defend it, or that a recovery was had against him by title paramount, so that neither he nor his warrantor could have defended successfully, this, *prima facie*, sustains the breach of the covenant and entitles him to recover; and more has not been required when the warrantee has stood as a demandant in the action of eviction. It is difficult to assign any good reason why the same proof should not maintain the breach when he had the attitude of a plaintiff or demandant. In the first case he has entered and is ousted by title paramount; in the latter he is prevented from entering and enjoying by a title of the same character. In one case the title may drive him from the land as soon as he is on it; in the other he is precluded from the least enjoyment, or even entering thereon. The effect is the same, or worse, in the latter case, than the former, and is produced by the same cause." In *Witty* v. *Hightower* (12 S. & M. [Miss.], 478) it was decided that if, at the time of the sale, there is a paramount title and an adverse possession under it, the holding out of the purchaser is equivalent to eviction. In *Small* v. *Reeves* (14 Ind., 163) it is said that " any adverse possession under paramount title at the time of the conveyance, it seems is an eviction, and

renders the conveyance made utterly void." In *Park* v. *Bates* (12 Vt., 381) the action was upon a covenant of warranty, and it appeared that the land was a wood lot, and that the plaintiff had never been in possession. It was claimed that there was no eviction, because the plaintiff had never taken possession. WHITNEY, Ch., J., said: "When the grantee goes into possession under his deed, he can maintain no action on his covenant, unless there is an eviction. Speaking technically, there has been no eviction here, because an eviction means an entry and expulsion. But there are many cases when an action may be maintained on this covenant without such an eviction when the grantee has been prevented from entering and enjoying the premises. * * * I apprehend that, on the covenant for quiet enjoyment, and *a fortiori* on this covenant of warranty, it is not necessary to state or prove a technical eviction, but the action may be maintained if the plaintiff is hindered and prevented, by any one having a better right, from entering and enjoying the premises granted." The same doctrine was affirmed in *Clark* v. *Estate of Conroe* (38 Vt., 469), where it was held that when, at the time of the conveyance, the grantee finds the premises in possession of one claiming under paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken without any other act on the part of either the grantee or the claimant. In *Duvall.* v *Craig,* (2 Wheat, 62) Judge STORY says: "Assuming that an averment of an entry and eviction under an elder title be, in general, necessary to sustain an action on a covenant against incumbrances, it is clear that it cannot be always necessary. If the grantee be unable to obtain possession in consequence of an existing possession or seizin by a person claiming and holding under an elder title, this would certainly be equivalent to an eviction, and a breach of covenant." In *Noonan* v. *Lee* (2 Black [U. S.], 507) Mr. Justice SWAYNE says, that, "in all cases where there is adverse possession by virtue of a paramount title, such possession is regarded as eviction, and involves a breach of the covenant of warranty." (See also *Grist* v. *Hodges,* 3 Dev. [N. C.], 200.)

In some of the cases cited, the covenant sued on was a covenant of warranty; but it has been held that, so far as concerns the question under consideration, there is no difference between a covenant of warranty and a covenant for quiet enjoyment. (*Rea* v. *Minkler*, 5 Lans., 196, and cases cited.)

In Rawle on Covenants (4th ed.), 154, after a criticism of many cases, the rule is laid down as follows: "The rule, as best supported by reason and authority, would seem to be this: When, at the time of the conveyance, the grantee finds the premises in possession of one claiming under a paramount title, the covenant for quiet enjoyment or of warranty will be held to be broken without any other act on the part of either the grantee or claimant; for the latter can do no more toward the assertion of his title, and as to the former, the law will compel no one to commit a trespass in order to establish a lawful right in another action." In 2 Hill on Real Property (383), it is said that "actual entry of the plaintiff is not necessary to constitute eviction. His deed gives him constructive possession, which is equivalent to entry." In 3 Washburn on Real Property (398), it is said: "If the covenantee find another in possession under a paramount right when he takes his deed he may have an action upon this covenant (for quiet enjoyment) without being obliged to subject himself to the hazard of an action of trespass by first entering upon the premises and being ousted."

No further citation of authorities is necessary or useful. The defendant, when he executed the conveyance to the plaintiff, had neither title nor possession to give. The plaintiff endeavored to obtain possession and was prevented by Campbell, who was in possession under paramount title. His case would have been no stronger if Campbell had let him into actual possession and then immediately ousted him by process of law or a voluntary submission to the superior title. The facts show a constructive eviction. The deed was inoperative as a conveyance, but the covenant must have effect. I can perceive nothing in the language, or in the nature of the covenant for quiet enjoyment, which requires first possession

and then an eviction before a breach can be alleged. But, if such were the case, I would hold, for the purpose of giving effect to the covenant, that the grantor was estopped from denying that there was a possession for an instant and *eo instanti* an eviction by the paramount title.

It follows that the judgment of the General Term must be reversed and judgment ordered for the plaintiff on the verdict, with costs.

Dwight, C. (dissenting). The question in this cause is, whether a covenant for quiet enjoyment is broken by a vendor, when his vendee is unable to take possession, the grantor having no title and the premises being held adversely by óne having title. The covenant in the present case does not contain a warranty of title, but simply of quiet and peaceable possession by the grantee.

I think that it must be deemed to be the law of this State that there can be no breach of such a covenant unless the grantee had either actual or constructive possession of the premises, and that possession was in some way disturbed, either actually or constructively. As there may be a constructive possession, so there may be a constructive eviction. Accordingly, if no possession of any kind passes to the grantee, there can be no eviction or disturbance of any sort, and an action will lie. The covenant for quiet enjoyment cannot be made equivalent to the covenant of seizin. An action will lie upon the latter, though there be no eviction or disturbance of possession. A defect of title will suffice. But in the case of the covenant for quiet enjoyment, the fundamental fact is that there has been *possession*, and after it has taken place, it has been broken up, or in some way disturbed, by persons having a legal right to interfere with it, so that it cannot be said that the covenantee has had quiet and peaceable possession.

The principles that have been thus briefly stated are fully supported by the authorities. There is a difference in view as to the point whether a constructive possession will suffice,

or whether actual possession is not indispensably necessary. I do not find any conflict upon the point that the covenant is not broken where no kind of possession is possible, either actual or constructive. The present case will be disposed of upon the ground that no possession of any kind passed to the grantee, to which the covenant for quiet enjoyment could attach.

Before proceeding to consider that branch of the case, reference will be made to the authorities establishing the necessity of possession as a preliminary to a breach of the covenant.

I. The cases which maintain or assert the necessity of *actual* possession and eviction are *Waldron* v. *McCarty* (3 J. R., 471); *Kortz* v. *Carpenter* (5 id., 120); *Kerr* v. *Shaw* (13 id., 236); *Webb* v. *Alexander* (7 Wend., 281, 284); *Beddoe* v. *Wadsworth* (21 id., 125); *St. John* v. *Palmer* (5 Hill, 599, 601, per BRONSON, J.); *Rindskopf* v. *Farmers' Loan and Trust Company* (58 Barb., 36, 49).

In *Waldron* v. *McCarty* the defendant gave a deed of land covenanting that he would warrant and defend the grantee in the quiet and peaceable possession of the premises granted. There was at the time a mortgage on the land, which was subsequently foreclosed and purchased by the grantee at the foreclosure sale. It was held that there was no eviction, as the covenant was merely for possession and not for title, and no disturbance of possession was shown. This case may not, on the matter of evidence, be easily reconcilable with *Cowdrey* v. *Coit* (44 N. Y., 382, and cases there cited), but it does not appear to have been shaken upon the point as to the necessity of possession as preliminary to a breach of the covenant under discussion.

*Kortz* v. *Carpenter* was decided on demurrer. The declaration set forth the covenant, and in alleging a breach of it, that the premises described, etc., at the time of executing the deed and a long time before, were held and possessed adversely by the proprietor of certain patents. The cause of the demurrer was, that the plaintiff alleged no eviction nor disturbance, nor interruption of the plaintiff in the enjoyment of the premises,

The court reiterated the proposition that nothing amounts to a breach of the covenant for quiet enjoyment but actual eviction, "and that the covenant goes to the possession and not to the title."

*Kerr* v. *Shaw* applied the same principle to the case of a writing not under seal for the quiet enjoyment of land, and held that a recovery in ejectment against the grantee was not a breach of the covenant for quiet enjoyment, since by the mere fact of the recovery there was no disturbance of the possession.

In *Webb* v. *Alexander* it appeared that the grantee had been prosecuted in trespass by a third person claiming title, and a recovery had been had against him, and it was held that no action would lie on the covenant for quiet enjoyment for want of an allegation that such third person, before or at the date of the covenant, had lawful title, and, by virtue thereof, *entered and ousted* the plaintiff. There is a learned note upon this subject by that distinguished jurist, Henry Wheaton, appended to the case of *Duvall* v. *Craig* (2 Wheat., 62). After contrasting the covenant of seizin with that of quiet enjoyment, he proceeds to say, that the latter covenant is not broken unless *some particular act is shown* by which the plaintiff is interrupted, and, therefore, it is necessary to set forth in the declaration an actual eviction or disturbance of the grantee, and where the eviction or disturbance is by a stranger, it is further necessary to allege that the eviction was by a lawful title. (Citing many cases.)

II. There is, however, a class of cases which, while they concede the necessity of possession and disturbance in the case of this covenant, maintain that both may be constructive. This view has been presented with prominence by Mr. Rawle in his work on Covenants of Title (pages 220–227 [ed. 1852]). He relies greatly upon the case of *Grist* v. *Hodges* (3 Devereux, 200), and the opinion therein by Ruffin, J. The main scope of Judge Ruffin's argument should be stated, as it shows his reliance upon the doctrine of " constructive possession," particularly as applicable to conveyances taking effect under

the statute of uses. He says: " The existence of a better title, with an actual possession under it in another, is of itself a breach of the covenant. It is manifestly just that it should be so considered, for otherwise the covenantee would have no redress but by making himself a trespasser by an actual entry, which the law requires of nobody. * * * On purely legal grounds it is so. For, as between the bargainer and bargainee, the latter is in by force of the statute of uses. It is upon that idea that the legal estate is acquired by a deed of bargain and sale. It passes the use and the statute carries the possession. It is so in the conveyance by lease and release. There must be a possession for the latter to operate upon. But it is not an actual possession, *at least the actual entry need not be proved.* The statute transfers the possession, and the lessor cannot say it was not actual for the purpose of defeating his subsequent release. As between the parties, the bargainee is in possession on strict principles; but if there be in reality an adverse possession, he can only be held to be in for an instant, for there will be no implication against the truth, further than is necessary to make the deed effectual for its purposes. *If such adverse possession be upon title paramount, then there is an eviction of the bargainee eo instanti that the possession conferred by the statute takes place.*" It is plain that the whole course of reasoning here is that the bargainee, where the title is held adversely, has, for a moment, " constructive possession," and is instantly constructively evicted, and it may, therefore, be affirmed that he has not had " quiet and peaceable enjoyment " within the meaning of the covenant. There are many cases in the various States which follow this case of *Grist* v. *Hodges,* where the theory which they support is stated " with admirable force." (See the cases collated in note 2, Rawle on Covenants, etc:, p. 223.)

The same principle pervades the decision of cases where the premises at the time of sale are vacant, *e. g.,* wild and uncultivated lands, and the grantee takes no possession at the time, but afterwards is prevented from taking possession by one having a superior title. ( *Winslow* v. *McCall,* 32 Barb., 241.)

It seems plain, on the theory of *Grist* v. *Hodges*, that the grantee was at once put into *constructive possession* by force of his deed, and that the subsequent entry of the paramount owner was, on the same ground, a constructive eviction.

I do not think that a recovery is maintainable in the case at bar, on either the theory of an actual or constructive possession. There was plainly no actual possession. Nor was there any of a constructive nature. A constructive possession can only pass when the conveyance made is not unlawful. Campbell, in the case at bar, having the title to the land, and being in adverse possession, the attempted conveyance from Lamb to Shattuck was simply void, and, on account of its absolute invalidity, could by no possibility confer upon Shattuck a constructive possession within the view of *Grist* v. *Hodges*. By 1 Revised Statutes (p. 740, § 147) " every grant of land shall be *absolutely void* if at the time of the delivery thereof such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor." The Code of Procedure recognizes this rule in requiring, in case of such an assumed grant, that an action to recover the land shall be brought in the name of the grantor. RUFFIN, J., argued, in *Grist* v. *Hodges*, that, as between the grantor and the grantee, the title passed, so that the grantee was put into constructive possession. That result cannot follow in the case at bar, since nothing passed — the title remaining in the grantor. This view is plainly to be inferred from the language of the Supreme Court of the United States in *Noonan* v. *Lee* (2 Black [U. S.], 499, 507). The grant in that case contained only the covenant of warranty. A third person was holding adversely under a paramount title. The court said: " The statute of Wisconsin, of 1849, permits a grantor out of possession to make a valid conveyance of lands held adversely by another. In all cases where there is adverse possession by virtue of a paramount title of lands *thus* conveyed, such possession is regarded as eviction, and involves a breach of the covenant of warranty." (P. 507.) This is substantially affirming that if the grant is lawful, the purchaser is put into

constructive possession, in accordance with the rule in *Grist* v. *Hodges* (*supra*).

This position is not in conflict with the view that the grantor, as between him and the grantee, is estopped from setting up any claim to the property purported to be conveyed. (*Jackson* v. *Demont*, 9 J. R., 55, and kindred cases.)

On these grounds the plaintiff has no cause of action on the covenant, and the judgment of the court below should be affirmed.

All concur, except DWIGHT, C., dissenting.

Judgment reversed.