## GALLUP *v.* BERND.

*(Supreme Court, General Term, Fifth Department. June 23, 1888.)*

1. VENDOR AND VENDEE—DEFICIENCY IN QUANTITY—ABATEMENT ·OF PRICE.
    Where plaintiff agrees to sell defendant 230 acres of land, and executes and delivers to him a warranty deed for that amount of land described by metes and bounds, and plaintiff's father, under whom plaintiff claimed, had, before this conveyance, deeded 14.39 acres of this land to other parties, in a suit for balance of purchase money, where there is proof of fraud or misrepresentation on the part of plaintiff, and ignorance or mistake on that of defendant, the latter is entitled to a reformation of the agreement, and an abatement of the amount defendant undertook to pay, corresponding to the deficiency chargeable to plaintiff's fraud.

2. SAME — FRAUDULENT REPRESENTATIONS BY VENDOR — RIGHT OF VENDEE TO EQUITABLE RELIEF.
    Though defendant, in such case may have a remedy at law for damages founded in fraud, that does not deny him equitable relief when the complaint is based on a note given by defendant for balance of the purchase money, and the answer alleges that the fraud was not discovered until after it was given, and seeks to recover as a counter-claim a portion of the purchase money paid in the same transaction, and alleges a covenant of quiet possession, and adverse possession by third persons of a portion of the property under a paramount title.

3. SAME—RIGHT OF VENDEE TO EQUITABLE RELIEF—HOW BARRED.
    In such a case, the fact that the contract of sale had been executed by conveyance by deed will not prevent the granting of such relief.

4. SAME—EQUITABLE RELIEF AGAINST FRAUD—LIMITATION.
    Where defendant is sued for the balance of purchase money due on a sale of real estate, and alleges fraud and misrepresentation by plaintiff as a defense, and asks equitable relief, the six-years limitation does not begin to run until the discovery of the fraud by defendant.

On motion for new trial on exceptions taken at the circuit court, Genesee county.

Jerome Gallup, plaintiff, sued Jacob Bernd, defendant, who in January, 1880, purchased a farm of plaintiff, took conveyance, and gave his bond, with a mortgage, on the premises, to secure $11,700 of the purchase money. In April, 1887, the defendant paid plaintiff the amount of the bond and mortgage except $1,364.98. The mortgage was discharged, and the bond surrendered, pursuant to an agreement which had been made between the parties that defendant would pay all but a small portion mentioned, and for that give his note. The action is brought to recover such amount unpaid. Defendant alleged that the land fell short in quantity, as represented by plaintiff, and as mentioned in deed, about 18 acres; and sought to render such deficiency effectual as a defense. The court directed a verdict for plaintiff, and defendant's counsel excepted.

*Myron H. Peck, Jr.,* for defendant.    *George Bowen,* for plaintiff.

BRADLEY, J. While it clearly appears that the purpose of the defendant is to seek relief on account of the alleged deficiency in the quantity of land in the farm purchased of the plaintiff, the cause upon which he relies to charge the plaintiff with liability for such deficiency in support of such relief is not very clearly represented or defined by the allegations of the answer. He alleges that, as an inducement to him to purchase the farm, the plaintiff "falsely stated and represented" to him that it contained 230 acres; that the defendant relied upon and was induced by such representation to purchase it; and that there were only 211.03 acres in the land conveyed. He also alleges that, to carry into effect the agreement of sale, the plaintiff executed and

delivered to him a deed which contained a particular description of land by metes and bounds, and according to such descriptions the quantity of land so described was about 231 acres, and was stated therein to be 230 acres, more or less, and that in and by the deed the plaintiff covenanted with the defendant that the "premises thus by said deed conveyed to the defendant, in the quiet and peaceable possession of the defendant, his heirs and assigns, he, the plaintiff, would forever warrant and defend against any person whomsoever lawfully claiming the same, or any part thereof;" that two parcels of the land embraced in the deed, and containing 10.34 acres, and 4.05 acres, making 14.39 acres, had before been conveyed to other parties, who were, at the time of conveyance to the defendant, and since had been, in the possession of such two parcels, holding under a valid title paramount to that of the defendant. He then alleges that the plaintiff has refused to make him suitable allowance for such deficiency, and among other relief, demands judgment (2) that the agreement of sale and purchase be so reformed as to provide for payment of the amount only which may be found properly due on account of the sale; and (3) that the defendant recover of the plaintiff $1,775, and interest.

The defendant gave evidence tending to prove that, in the sale of the farm by the plaintiff to the defendant, the price was regulated and governed by the quantity, and at a certain price per acre; that the plaintiff represented that the quantity of land in the farm, and which would pass to the defendant by the deed, was 230 acres; and it appeared that the plaintiff's father, from whom the plaintiff derived his title 20 years before, had conveyed the two parcels before mentioned, containing 14.39 acres, to other parties who took title by such conveyances; that those two pieces of land were embraced in the deed to the defendant; and that the quantity to which the defendant took title by the conveyance to him was only 211.03 acres.    There was a conflict in the evidence of the parties in respect to the representations and agreement pursuant to which the conveyance was made, but it permitted the jury to find the facts as above stated, and that the defendant was ignorant of the situation of which he now complains, and relied upon the representations so made by the plaintiff, and was induced by them to make the purchase, and undertake to pay the stipulated amount for the property.    The plaintiff, by his reply, among other things, alleged the six-years statute of limitations; and his counsel, treating the counter-claim as one at law for fraud, moved, at the close of the evidence, for the direction of a verdict on the ground that the cause of action alleged in the answer was barred by the statute of limitations.

The court, in granting the motion, and directing a verdict for the plaintiff, expressed the opinion that there was no defense set up in the answer that could be maintained upon the evidence given on the trial.    No question appears to have been raised upon the sufficiency of the answer, in any respect, by objection to evidence or otherwise.    The conclusion was permitted upon the evidence consistently with allegations of the answer that the defendant's relief was not confined to a claim for damages in a cause of action at law for fraud.    There is no mutual mistake alleged, but the proof warranted the finding of fraud or misrepresentation on the part of the plaintiff, and ignorance or mistake of the defendant in respect to the quantity of land which would be and was conveyed by the deed.    This would justify equitable relief by way of reformation of the agreement of sale, so as to permit abatement from the amount which the defendant undertook to pay correspondingly with the deficiency chargeable to such fraud on the part of the plaintiff.    *Bentley v. Smith*, 1 Abb. Dec. 126; *Kilmer v. Smith*, 77 N. Y. 226; *Waring v. Somborn*, 82 N. Y. 604; *Savings Inst. v. Burdick*, 87 N. Y. 40, 47; *Crowe v. Lewin*, 95 N. Y. 423; 3 Pom. Eq. Jur. § 1376.    And the fact that the contract of sale had been executed by conveyance by deed is not in the way of granting such relief.    *Paine v. Upton*, 87 N. Y. 327.    When such equitable

remedy rests on the charge of fraud, the six-years limitation is applicable, but the statute does not commence to run against it until discovery of the facts constituting the fraud. Code Civil Proc. § 382, subd. 5; *Carr* v. *Thompson*, 87 N. Y. 160. The evidence on the part of the defendant warranted the conclusion that the facts constituting the alleged fraud or misrepresentation in respect to the quantity of the land were not discovered by the defendant until within six years before he answered the complaint. If it be assumed that, upon the allegations of the answer and on the proofs, he had a remedy at law for damages founded in fraud, that does not deny to him equitable relief, provided sufficient is alleged and proved to permit it, as the two remedies substantially differ. While in an action at law, in such case, the party recovers damages estimated upon the value of the property, in equity the relief given is in the nature of reformation, and goes in abatement of the amount of the purchase money, based wholly upon the contract price which the party agreed to pay. The relief asked for by the defendant is not limited to a judgment for a sum of money. He demands also a judgment for reformation of the agreement of sale, with a view to the reduction of the purchase price, upon the basis of that stipulated by it; and such relief is not inconsistent with the facts charged in the answer, and which the evidence tends to prove, although the facts in support of such equitable defense are somewhat inartificially alleged in the answer. The cause of action, as alleged in the complaint, seems to be placed upon an agreement between the parties by which the plaintiff agreed to discharge the bond and mortgage upon payment of the larger part of the amount, and the giving by the defendant of his note for the residue. The facts are fully set out in the pleadings, and the reason given by the defendant for not fully performing such agreement is that he discovered the alleged fraud after that agreement was made, and refused to pay or secure the balance upon that ground. The inquiry, for the purpose of the defense, is not confined to that particular agreement, as the balance which the plaintiff seeks to recover is a portion of the purchase money, and the counter-claim is connected with the subject of the action. If these views are correct, a new trial must be granted.

The allegation in the answer, although somewhat informal, of the covenant of quiet enjoyment in the deed made by the plaintiff to the defendant, and of the fact that 14.39 acres of the land covered by it were then, and since have been, in the possession of other parties, and held by them under a title paramount to that conveyed by such deed to the defendant, contains the elements of a counter-claim as for breach of covenant. *Shattuck* v. *Lamb*, 65 N. Y. 499; *Scriver* v. *Smith*, 100 N. Y. 471, 3 N. E. Rep. 675; *Tucker* v. *Cooney*, 34 Hun, 227. The evidence tends to support such allegations, and seems to have been entitled to some consideration upon the trial if the attention of the court was called to it. It is said, on the part of the plaintiff, that the theory of the defense on the trial was solely on the ground of fraud, and that no other question is properly here for consideration. That may have been the situation at the trial; but the defendant's counsel does not so treat the case here, nor is it necessarily so represented by the record. And, in that view, the whole case must be considered to determine whether, in any aspect, the exception to the direction of a verdict was well taken. The motion for a new trial should be granted.

HAIGHT and DWIGHT, JJ., concur.