## WILLIAM CLAFLIN v. A. H. CASE.

WARRANTY DEED — *Grantee Fails to Take Possession — Action for Breach, Defeated.*  Where vacant land adapted to occupancy and cultivation is conveyed with covenants against incumbrances, of right to convey, and warranty, and the grantee fails for 21 years to take possession of the land, which has remained vacant and unoccupied during all that time, and is therefore defeated in an action brought by him to obtain possession from one claiming under a prior, adverse and better title than his own, and thereupon brings suit upon the covenant of warranty against his grantor, *held*, that although an action on the warranty did not accrue until the assertion of the superior title, the plaintiff's neglect in failing to take possession of the lands for so long a period, and thereby protect his title, precludes his recovery on the covenant.

### *Error from Shawnee District Court.*

ACTION by *Claflin* against *Case*, on a covenant of warranty in a certain deed. Judgment for defendant. Plaintiff brings the case to this court. The opinion herein, filed at the session of the court in June, 1894, contains a sufficient statement of the case.

*C. M. Welch*, for plaintiff in error.

*W. P. Douthitt*, and *A. H. Case*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: On the 26th day of February, 1863, the defendant executed and delivered to the plaintiff a deed to the

undivided half of 80 acres of land in Shawnee county, for the consideration of $75. This deed 'contained covenants against incumbrances, of right to convey, and of warranty. The land at that time was vacant, and so remained until the 30th of August, 1884, when one H. H. Harris, as the agent of his wife, T. A. Harris, entered on the land, and proceeded to plow hedgerows on three sides of it. In the latter part of October, 1884, the plaintiff built a fence around the land. T. A. Harris thereafter brought a suit against the plaintiff to recover said land, which resulted, after a hearing in this court, (*Harris v. Claflin*, 36 Kas. 543,) in a judgment in favor of Harris.

This action was brought on the covenant of warranty contained in the deed from Case to the plaintiff. The briefs in the case are very meager, and scarcely touch the nice question presented by the record. The defendant in error cites authorities in support of the conceded proposition that the covenant of seizin is broken, if at all, when made, and contends that the statute of limitations begins to run at that time. But this action is not brought on a covenant of seizin, but of warranty, and the law is well settled that a cause of action on a covenant of warranty does not accrue until eviction. Upon the question as to what constitutes eviction there is much diversity in the authorities; but that is not the precise question presented by the record. In this deed we find covenants against incumbrances and of right to convey. The latter covenant was broken at the time of the execution of the deed, and a cause of action thereon accrued at that time, because the defendant's title was derived from an attempted foreclosure of a mortgage which this court held to be void, the affidavit for publication being fatally defective and insufficient to give the court jurisdiction. The covenant of warranty, as well as that for quiet enjoyment, is a possessory covenant which does not necessarily imply that the covenantor has a perfect title, but is an agreement to defend the covenantee in his possession. The lands conveyed were susceptible of occupancy, being farming lands in a county at that time but

partially settled. The plaintiff could have taken possession at any time. He did not seê fit to do so.

The agreed statement of facts shows that the defendant in the foreclosure suit paid the taxes on this land to and including the year 1865, being the taxes for three years after the execution of the deed from the defendant to the plaintiff. The plaintiff then paid taxes to the time of the suit with Harris. Had the plaintiff taken possession of the land immediately after the execution of the deed to him, 21 years would have elapsed before the adverse title was asserted; six years more than sufficient time to perfect the title by possession under claim of title. In this case it appears that Lee, the defendant in the foreclosure suit, never asserted any claim of title to the land in any manner after he ceased to pay taxes on it until he conveyed it to Harris, in 1884, and it would seem from the statements in the record that the fact that the title had never been legally divested from Lee by the foreclosure proceedings was discovered by the husband of T. A. Harris, and upon his solicitation the conveyance was obtained from Lee. Under the authorities, the fact that there was an outstanding title in a private person superior to that of the plaintiff would not alone amount to an eviction sufficient to constitute a breach of the covenant of warranty, and therefore would not start the running of the statute of limitations. (Rawle, Cov., § 135.) There are cases holding, however, that where such outstanding title is in the state or United States, it constitutes an eviction. (*Green v. Irving*, 54 Miss. 462; *McGary v. Hastings*, 39 Cal. 360; *Brown v. Allen*, 10 N. Y. Supp. 714; *McLennan v. Prentice*, 55 N. W. Rep. 764.) The ownership of the legal title to lands draws to it the constructive possession. (*Gildehaus v. Whiting*, 39 Kas. 706.)

The weight of authority seems to be to the effect that, where the land conveyed is actually occupied by another, under an adverse and better title, the covenant is broken without any other act by either party, and an action may be at once maintained upon it. (Rawle, Cov., § 139; *Moore v. Vail*, 17 Ill. 185; *Shattuck v. Lamb*, 65 N. Y. 499.) In the last-named

case the authorities are carefully reviewed, and the early case of *Kortz v. Carpenter*, 5 Johns. 120, directly overruled. These cases would lead to the conclusion that no cause of action on the covenant of warranty accrued to the plaintiff at any time prior to his eviction by Harris; but they do not reach the question whether the neglect of the plaintiff to take possession of the land granted, which he could have done at any time within more than 21 years after the execution of the conveyance to him, has the effect of defeating a recovery. May a party who has a covenant which would authorize suit to be brought immediately, and full recovery to be had if the title should be found on examination to be invalid, and who also has a possessory covenant warranting him in his possession, neglect to examine into the condition of the title which he has purchased, and neglect to enter into the possession of the lands conveyed, and then, long after the necessary time has expired for his title to ripen and become perfect by the statute of limitations, having been defeated in an action for the possession of the property, resort to a remedy on his covenant of warranty? We have been unable to find any authority directly in point.

It has been held that, where lands at the time of the conveyance were in the adverse possession of another, and the grantee permitted that possession to ripen by lapse of time into a good title, he was without remedy on his covenant. (*Rindskopf v. Loan Co.*, 58 Barb. 36.) This, upon reason, must necessarily be so, for it is no fault of the grantor who conveys a good title that the grantee loses it by his failure to assert his rights. It could not be doubted that, if any person had taken possession of this land immediately after a deed was executed, under claim of title, no matter how defective, and had remained in open, notorious and exclusive possession for 15 years, the plaintiff's title would have been lost as well as Lee's, and he would have been without remedy, because it would have been solely his own fault. Had Lee taken possession of the land under a good title, and maintained that possession for more than 15 years,

Claflin v. Case.

and then, in an action by the plaintiff to recover possession, had chosen to rely on his possession rather than his paper title, could the plaintiff recover in this action because, as a matter of fact, Lee had a good paper title? Would the plaintiff be in a better position if the adverse claim were asserted by one having a valid paper title than by one who had no such title? It was said by Chief Justice Campbell, in *Matteson v. Vaughn*, 38 Mich. 373:

"If a party does not choose to investigate his title or enforce his possession within the period of limitation, he must take the consequences of his own neglect. If land is vacant, it is a very easy thing to assume possession, and possession may ripen into a good title, while, if disturbed, there is no doubt of the remedy for eviction. If land is occupied adversely, the policy of the law requires the purchaser to inquire into the possessor's title; and, in all cases, prudence and the usual course of business will dictate the propriety of some examination into the title. If a purchaser examines into neither title nor possession, and does not see fit to protect himself by proper covenants, it is his own fault."

See, also, the discussion in *Abbott v. Rowlan*, 33 Ark. 593; *Shattuck v. Lamb*, supra; *St. John v. Palmer*, 5 Hill, 599; Rawle, Cov., § 140, and notes.

We think the agreed facts in this case show that the plaintiff was guilty of such *laches* as precludes a recovery; that his loss is chargeable rather to his own neglect than to a breach of the defendant's covenant of warranty.

The judgment is therefore affirmed.

All the Justices concurring.